<div style="margin-left:auto">WINDSOR,<br>*February,*<br>1829.<br>——<br>Collamer<br>*vs.*<br>Day.</div>

*England* have expressed their regret, of late years, that such transactions ever received the sanction of a court of justice : but, they yield to the force of the law, which they consider settled by a train of decisions, extending down from remote antiquity. We feel no such embarrassment, nor are we willing to transmit any such embarrassment to our successors ; nor diffuse into society the influence of a rule so demoralizing, as would be the sanction of such a contract. It is honorable to this state, that the industrious and moral habits of our citizens have furnished no occasion to litigate questions of this nature. It is honorable to the legislature, that they have interposed checks to such games and sports as they supposed were creeping into use. By the *Statute of* 1821, *page* 268, penalties are affixed to the winning or losing, or betting, in money, goods or chattels, on any game, or on any horse-race, or other sport, within this state. And said statute makes void any contracts and securities made and given for money won on such games.

The species of betting now in question may not come within that statute, giving it the strict construction of a penal statute : yet the good morals of society require, that no encouragement should be afforded to the acquisition of property, otherwise than by honest industry. Time might be occupied in seeking occasions to take advantage of the unwary, and acquiring a skill to take such advantage, which ought to be devoted to better purposes.

In this case, according to the terms of the bet, the plaintiff had acquired a right to the possession of the watch, which the defendant had laid down in the bet, but the plaintiff had not acquired the actual possession, when the defendant resumed his possession. The plaintiff, therefore, had no complete right to the watch, without the sanction of such a contract of betting. That sanction is now withheld, and

<div style="text-align:center">The judgment of the County Court is affirmed.</div>

*Marsh*, for plaintiff.

*Everett*, for defendant.

<div style="text-align:center">———⚮———</div>

<div style="margin-left:auto">WINDSOR,<br>*February,*<br>1829.</div>

<div style="text-align:center">HUTCHINSON and DUNHAM <i>vs.</i> JOHN A. PRATT, Administrator<br>of TIMOTHY COX.</div>

If, in mutual accounts between two persons, there are items of both debt and credit made within six years preceding the death of one of them, the whole will be exempted from the operation of the statute of limitations, though the accounts may have commenced more than six years before.

The same will be the case, though the accounts are kept by one of the parties only.

This was an appeal from the allowance of commissioners on

WINDSOR,
February,
1829.

Hutchinson et al
vs.
Pratt.

the estate of *Timothy Cox*, and came before the Court on the following statement of facts agreed to by the parties :

"The claim of the plaintiffs exhibited to said commissioners was a book account, for various articles from time to time taken up by said *Cox*, in his life-time, at the store of the plaintiffs, while partners in trade, in *Woodstock*, between the 13th of January, 1819, and the 4th day of June, A. D. 1824, amounting in the whole to the sum of $169 58: in which account of the plaintiffs there are various items of credit, amounting in all to the sum of $143 76, for the transportation of merchandise to and from *Boston*, from time to time, during the whole of the period, from September, 1819, to 30th August, 1823 ; and no account was kept by said *Cox*, nor was there any evidence before the commissioners of the services of *Cox*, except the aforesaid credits of the plaintiffs. Now, if the Court shall be of opinion, from the facts above stated, that all of said account, back of six years previous to the death of said *Cox*, is barred by the statute of limitations, the Court is to render judgment in favor of said administrator for the sum of $5 80, and interest. If, that the several credits should be applied to the extinguishment of the oldest charges within six years next previous, then judgment to be rendered in favor of the plaintiffs for the sum of $22 54, and interest. But, should they adjudge, from the facts above stated, that it is such an open and running account between the parties, as that the statute of limitations is prevented from attaching to any part thereof, then judgment to be entered for the plaintiffs against said estate for the sum of $26 06, and interest."

The counsel for the plaintiffs cited 1 *Sw. Dig.* 307.—*Catling et al, ex'rs. of Tuthill* vs. *Skoulding et al, Term Rep.* 189.- 2 *Stark. Ev.* 898.—*Norris' Peake,* 422.—*Murray* vs. *Coster,* 20 *Johns. Rep.* 594, 5.—*Cogswell* vs. *Dolliver,* 2 *Mass. Rep.* 217.

The opinion of the Court was delivered by

PADDOCK, J. It appears that *Hutchinson & Dunham* were merchants, transacting business in company in *Woodstock*, from the year 1819 to 1824 ; and between September, 1819, and 30th of August, 1823, employed the deceased, *Timothy Cox*, to do services for them ; that *Hutchinson & Dunham*, during that period, and up to June, 1824, kept an open account with him, wherein their charges amounted to $196,58, and had given him credit to nearly that amount. It would seem that *Cox* was either an illiterate man, not capable of keeping a book account, or had placed confidence in *Hutchinson* and *Dunham* to keep the entire

WINDSOR,
February,
1829.

Hutchinson et al
vs.
Pratt.

accounts between them ; who did, from time to time, give *Cox* credit for the transportation of loading to and from Boston, to the amount of $143 76. And the question now presented for the consideration of the Court is, whether, inasmuch as there are items both of charges and credits within six years next previous to the death of *Cox*, all that is back of that period shall be barred by the statute of limitations ; or, whether the books of *Hutchinson & Dunham* afford evidence of there being mutual existing and unsettled accounts between them, so that the entry of items of debt and credit within six years, shall draw after them all which was previous.

Were the balance of the account in favor of *Cox's* estate, there can be no doubt but that an entry made by *Hutchinson & Dunham* of either debt or credit within six years, would furnish evidence upon which the administrator could recover such balance ; and the same might be said of *Cox's* book, had he kept one ; for there is as little doubt, that the book of either party furnishes better evidence against him, when the credits are more than the debt, than it would for him, if the balance stood in his favor.

The principle of law is as well settled perhaps as any, both in *England* and our neighboring States; that where books are kept by both parties, an entry of an item of debt or credit within six years, draws after it those of longer standing, and the statute is no bar to a recovery of the balance; for the statute does not inflict the loss of the debt as a punishment for the delay : on the contrary, where the accounts are of more than six years' standing, and no new transaction has taken place between the parties, forming new items of account, the presumption is, that the accounts have been settled and paid off, though the balance is not struck. But that presumption of law may be removed, and is, where there is an acknowledgment that the accounts have not been settled, or a new promise to pay the balance, and the entry of a new item or credit, is an acknowledgment of an unsettled account between them. And where one party chooses to leave it for the other to keep the entire accounts between them, and the books shew debt or credit, or both, as it does in this case, within six years, the evidence arising therefrom ought to be considered equally as strong as though each had kept his own, presenting the same items.

The cases, where the statute has been held a bar to all the charges which have been of more than six years' standing, are those where all the items are on one side, as in *Cates* vs. *Harris*, *B. N. P.* 149; in which a recovery was had for the last item only, the statute barring the others.

There must be judgment for *Hutchinson & Dunham*, the ap-

pellants, to recover against the administrator, $26 06, the sum agreed upon by the parties.

*E. Hutchinson*, for plaintiffs.

*Ch. Marsh*, for the administrator.