CHITTENDEN,
December,
1832.

Wetherbee
*vs.*
Foster.

---

## THOMAS CHIPMAN *vs.* SETH BATES.

CHITTENDEN,
January,
1831.

If in an account between parties, the plaintiff exhibits some items of more
than six years standing, and some subsequent, and there appear no credits by
the plaintiff nor charges of the defendant within that period, a recovery can
be had for the last items only, the others being barred by the statute of lim-
itation.

When the parties son was sent to demand a specific amount on an unliqui-
dated claim, an offer made him by the other party of a less sum, cannot be re-
garded as a legal tender to the father.

In a suit originally commenced before a Justice of the Peace, appealed to
the County Court, and there ruled out to a referee; *held*, that a tender not hav-
ing been made before the Justice, nor at the County Court, could not avail the
defendant before the referee.

This was an action originally commenced before a sin-
gle magistrate, from whose judgement an appeal was taken
to the County Court, and there ruled out to a referee, from
whose report the following facts are drawn. The plain-
tiff exhibited an account, the first nine items of which the
referee disallowed, on the ground that they were barred
by the statute of limitation as insisted by the defendant.—
Two other charges of the plaintiff's account which seem to

CHITTENDEN,  have been within six years, were allowed by the referee, to
January,
1831.      wit.    Three dollars for the use of a horse,  and  fifty cents
———        for keeping sheep.   In relation to these last mentioned
Chipman    charges the referee reported as follows :
vs.
Bates.         " It was proved that the plaintiff a short time previous to
the commencement of the suit, sent his son Thomas Chip-
man, jr. to demand of def't. *four* Dollars as payment for the
use of the horse, that the defendant tendered to him $3,00
for the use of the horse, and fifty cents for keeping sheep,
which he refused.   The defendant brought the said $3,50
and pleaded it on trial before  your  referee, and  he here-
with delivers it into Court.   It was further  proved that
at the return day of the writ, the defendant  appeared  and
procured a continuance of  the  cause  for  the  purpose of
procuring counsel ;  and that on the day to which the cause
was continued he again appeared, and not having counsel
submitted to a judgement without any  trial, and without
bringing into Court, the money tendered.    That at the time
at which the appeal was entered the  cause was  referred,
and the money  tendered was not then  produced in  Court.
The plaintiff contended that upon this proof the defendant
waived his tender, and that he could  not  avail  himself of
it before the referee.    But the  referee was of  a different
opinion and therefore reports that the defendant has legal-
ly tendered the sum in which he is in  arrear to  the plain-
tiff, and ought to recover his costs."

To this report, the  plaintiff  filed the  following  excep-
tions :

1st.  Because the said  referee  decided  contrary to  Law
in rejecting the first nine  items in  the  plaintiff's account
on the ground that the same  were  barred  by the  Statute
of limitations ;  the tenth item in said account having  been
delivered within six  years  after  the delivery of the nine
items.

2d.  That the said  referee  decided contrary to law in de-
ciding the tender to be legal ;  the said  Thomas  contend-
ing that the said defendant had waived the right of plead-
ing the tender by  having  neglected so  to do,  before  the
Court below.

CHITTENDEN, January, 1831.

Chipman vs. Bates.

*Maeck, for plaintiff.*—There are two exceptions to the report of the referee.

1. He mistook the law in deciding a portion of plaintiff's account barred by the Statute of limitations. We contend that although a portion of the account may be of more than six years standing, yet if the account is running and the previous items are followed by other items within six years, the whole account is taken out of Statute. Every new item of debt or credit is an acknowledgement of a previous unsettled account and a promise to pay the balance, 2 Mass. 217; 6 Ter. R. 189; 2 Vt. R. 146.

2d. The tender ought not to have been allowed.

1st. It was not made at the proper place or to the proper person. From the Report it appears to have been made to a mere agent who was authorized to receive a different sum, and not made at the house of the creditor. The only cases where a tender to an agent has been held good are where the debtor to save himself was bound to make his tender at a particular place, and if the creditor was not there to receive, as it was his duty to have been, the tender may be made to his servant. The law in those cases presumes he has left his instructions with the servant. Dan. Vol. 5, 498.

2d. If the tender was originally good he has forfeited all rights under it by his subsequent conduct. This will be fully evinced by applying the rules of law applicable in cases of this kind to the facts as they are stated in the report and record. Before the magistrate he made no defence of this kind, but we contend he ought there to have plead orally at least his tender and have brought the money into Court. It is laid down in all the books that in Indebitatus assumpsit, the party who pleads a tender must aver in his plea, 1st. That he has always been ready to pay.—2d. That he is still ready.—3d. That he must bring the money into Court; and 4thly. That this plea cannot be pleaded after a general imparlance; and if a tender be pleaded after an imparlance the plaintiff may sign judgement or apply to the Court to set under the plea, or demur, or allege the imparlance in his replication by way of estoppel. Tidds Prac. 418; Willson, 632; Ld. Raymond, 25 & 254; 2 Salkield, 622 & 623; 10 Mod. 81; 12 Mod.

CHITTENDEN,
January,
1831.

Chipman
vs.
Bates.

8, 158, 354; 5 Bac. Abg. 117; 5 Danes Dig: 500, 485, 488. The authorities all go upon the ground: that the defendant by asking time to plead, contradicts the first material requisite in his plea, and shows that he has not always been ready to pay.

*Bailey & Marsh, for defendant.*— 1st. There is nothing in the case to exempt the first nine articles of plaintiff's account from the statute of limitations. They accrued more than six years before the commencement of the action. The accounts were not mutual, no credit being, given by plaintiff nor any account exhibited by defendant. *Cotes* vs. *Harris,* Buller, N. P. 149. These items cannot be brought within the exception relating to merchant's accounts; nor is there any evidence of an express promise, or of facts from which a promise can be implied.

2d. The only question properly arising under the third exception is, whether the defendant has waived his tender by not pleading it in the Court below. The strictness with which the plea of tender was anciently received has been of late years greatly relaxed. It was looked upon for no sufficient reason surely, as a suspicious, not to say a dishonest defence, and was required to be pleaded with great formality, upon entering the appearance in the cause. It is now holden in England as well as in this country to be an honest defence, and one equally entitled to be favorably received with any other. Nor is it now necessary to plead it before imparlance. If pleaded in vacation and entiled of the preceding term it is enough. 1 Burrow 59; *Noone* vs. *Smith,* 1 H. Blackstone, 369.

The practice in this state, with respect to filing the plea, is the same as in England, at least in those counties where causes are continued of course for pleading; and as to paying the money into Court, it is well understood not to be necessary until the cause is called up for trial.

Unless it appears that the plaintiff has or might have sustained some damage in consequence of the neglect of the defendant to plead the tender in the Court below, the Court ought not now to reject the plea, upon technical grounds which certainly had not originally any solid foundation. The case shews that the question was not

CHITTENDEN,
January,
1831.

Chipman
vs.
Bates.

whether a tender was made in fact, but whether *enough* was tendered, and the bringing of a suit, without a demand of the sum, previously tendered, shews that the object of the suit was to recover, not what the defendant admitted to be due, but the excess of the plaintiff's account over that sum. There was no trial before the magistrate, nor any issue joined, except for forms sake, and if the money had been paid into the hands of the magistrate there is no ground to presume that plaintiff would have taken it out and abandoned his suit, but the contrary. Between the appeal and the session of the County Court he could not have taken it out, because the authority of the justice in the cause ends with the appeal, and he could not have paid the money to plaintiff, even if it had remained in his hands. But it would not have remained in his hands. It is the business of the appellant to carry up to the County Court the copy of the proceedings below and every thing else that belongs to the case. If then the defendant had paid the money to the justice, it would have been the duty of the justice to pay it back again forthwith, upon the entering of the appeal, and demanding of the copy by defendant. This would be a very idle ceremony. Nor could the plaintiff have taken the money, after the cause was entered in the County Court, for the whole matter was taken away from the Court by the reference, on the entering of the appearance. It does not appear then that the plaintiff has sustained any damage by the neglect of defendant and the defence ought not therefore to be rejected.

PADDOCK, J.—The items of account exhibited before the referee, have not been brought into Court, but from his report, we learn there was no exhibits on the part of the defendant, nor had the plaintiff any credits on his book, so that the question for the referee to decide was, whither the statute of limitation should bar those items of account which were of more than six years standing; this question was virtually settled in the case of *Hutchinson & Dunham* vs. *Pratt*, 2. Vt. Rep. 146. The case of *Cotes* vs. *Harris*, cited in Bul. N. P. 149, was then considered as law, and must now govern in this case.

As it respects the tender, it appears that a short time

CHITTENDEN,
January,
1831.

Chipman
vs.
Bates.

before the commencement of the plaintiff's suit, he sent his son to the defendant to demand of him $4,00 in payment for the use of a horse; the defendant tendered him $3,00 for the use of the horse, and 50 cents for the keeping of sheep, both of which sums the son declined taking. A suit was then commenced before a justice, a silent judgement given, and appealed to the County Court and there ruled out to referee whose report is before us; and that the defendant made no mention of his tender before the justice, in the County Court, but relied upon it before the referee, who considered the sum legally tendered and that, although not offered in the Justice or County Court, he had a right to produce and have it allowed before him. The Court consider that the offer of the $3,50 to the son of the plaintiff under these circumstances, cannot be regarded as a legal tender; here was an unliquidated claim, and the boy had no authority from his father to make a compromise. To receive the $4,00 if paid, was all he could legally do; whither the plaintiff would or would not have received the $3,50 had the same been tendered to him before the commencement of the suit, we have no means of judgeing. A tender ought always to be made under such circumstances, as that the claimant can exercise his judgement in receiving or refusing it; and because money cannot safely be counted in the night, a landlord shall not distrain for his rent, but in the day time, Coke Lit. 142.— There is an anonymous case in Esp. N. P. Cases, where a tender was made to a servant, who carried the money into his master and brought back word that he would not receive it, and adjudged a good tender; but that case differs widely from this, it does not appear here, that the plaintiff ever heard of this tender, until he met it in the referee's court; had this claim been a note, on which by computation the sum due could have been ascertained, and a sum equal to the amount due had been offered by the defendant, and rejected by the boy, there would have been some reason in saying that, as he was the bearer of the note, the defendant was justified in treating him as the authorized agent of the plaintiff, to receive what was his due, and a refusal of the agent a refusal of the principal; but here, the boy had no authority but to ask for and receive the $4,00.

But could we overcome this objection, yet, the defend-ant is involved in difficulty, in not carrying his money into the justice court, ready to discharge himself if the plaintiff would receive it, and again, into the County Court. Will it be said the plaintiff should have demanded it of him? If the tender in the first instance had been legal, his not de-manding it before suit might involve a question of costs, but in no wise will it excuse the defendant for not offering to pay when called into a court of justice to show cause why he has not paid. The tender admits an indebtedness; and that he has offered to pay the amount which the plain-tiff refused to receive, is the reason he offers for not hav-ing discharged that indebtedness; and that he has now deposited the same sum in the hands of his clerk, would have been one of the best reasons why the plain-tiff should not further have or maintain his action against him. *Harding* vs. *Spicer*, 1 Camp. 327 & note; *Giles* vs. *Hartis*, Ld. Ray,'254; Chitty's Forms, 431. The facts having been found by the referee, the Court direct judge-ment to be entered for the plaintiff to recover of the de-fendant $3,50 damages and his costs.