RUTLAND,
January,
1833.
MOSES STRONG vs. WM. McCONNEL, (In Error.)

If an Attorney be retained to argue a cause just as it is called for trial, and
he agrees to argue it for $3, and charges his client accordingly for that term ;
and also argues the same cause, three subsequent terms, (the client being
present, and no further agreement made for fees,) and charges his client $12
for each argument; it is a question of fact for the auditors to decide, whether
$3 was to be a compensation for each argument, or only for the first.

A part payment of an account, barred by the Statute of Limitations, amounts
to an admission by the defendant, that the account is unsettled, and removes
the bar.

It is not error for Auditors to refuse to report the whole evidence, instead of
the facts in the case.

This is a writ of Error,  brought to correct proceedings
had in an action on book, originally commenced  before a
single Magistrate, appealed to the County Court, who ren-
dered a judgement to account, September Term, 1830,
and appointed auditors, by whom the following special re-
port of facts was made.   " That they find a balance due
from the defendant to the plaintiff of *fifty-four dollars  and
eighteen cents, to balance book accounts between them*.   And said
auditors further report, the accompanying account marked
A. which is all the account exhibited to them ; also a state-
ment thereon shewing that part of the  account which was
allowed the plaintiff of each item charged.   The remain-
der of said account was disallowed.   And they further re-

port that it was proved to them on trial, *that the defendant employed the plaintiff as counsel just as the cause was coming on for trial, Sept. Term*, 1818, *and the plaintiff agreed* to assist Gen. Williams on that trial *with such* preparation as he had ,for three dollars, *and that there* was nothing further said between *the plaintiff and defendant* in relation to any after *services* of the plaintiff as counsel in the cause. It was further proved, that the plaintiff did afterwards act as counsel of the defendant in said cause, at the several terms in the plaintiffs' account, and that there were three jury trials of said cause after Sept. Term 1818, and that the plaintiff argued the cause of the defendant on said trials, and that the defendant was present at the trials. *The defendant also made* the Statute of limitations a part of his *defence*, to rebut which, it was made to *appear* to us that the defendant paid the plaintiff nine dollars of the plaintiff's account, Nov. 26, 1822. It appeared that the item of nine dollars credit was shown to the defendant a short time previous to the commencement of the suit, as well as the items of charge herewith reported, and that the defendant then appeared to assent, (or said) that the credit was right, and that it was admitted by the defendant that he had never paid the plaintiff any other sum on account, except said nine dollars, and that *the defendant contended* that at the time he paid it, it was all he owed the plaintiff. And said auditors further report that they were requested by the defendant to report the particular evidence upon which they relied in finding the facts above stated. But the auditors decided it was their duty to report the facts by them found in the case, and not the particular testimony on which they relied in making up their opinion.

RUTLAND,
January,
1833.

Strong
vs.
McConnel.

*Accompanying Account Marked A.*

William McConnel in account with Moses Strong, Dr.
1810, Nov. Term.   To retaining and Term Fee,
      yourself *vs.* Mead,    -      -      -      -      $4,00
                                                    *Disallowed.*

|  | Amount of Account | Allowed by Auditors. |
|---|---|---|
| 1818, Sept. Term.   To term fee and arguing you *vs.* Hall | $12,00 | $3,00 |
| 1819, Sept. Term.   To term fee and arguing you *vs.* Hall | 12,00 | 10,00 |
| 1820, Jan. Term.   To term fee in same case | 4,00 | 4,00 |
| 1820, Sept. Term.   To term fee in same case | 4,00 | 4,00 |
| 1820, Dec. Term.   To term fee and arguing same cause | 12,00 | 10,00 |
| 1821, Jan. Term.   To term fee in same cause | 4,00 | 4,00 |
| 1822 Jan. Term.   To term fee and arguing same cause | 12,00 | 10,00 |
| Nov. 26, By Cash, $9,00 | $64,00 | $45,00 |
| By Int.   3,24 | | Deduct 9 |
| 12,24 | | $36,00 |
| Balance of Interest allowed, | | 18,18 |
| | | $54,18 |

To this report the defendant filed the following exceptions:

1st. For that the auditors report, that it was proved the defendant employed the plaintiff as counsel just as the cause was coming on for trial, Sept. Term, 1818; and the plaintiff agreed to assist Gen. Williams on the trial with such preparation as he had, for three dollars; and that there was nothing further said between the plaintiff and defendant in relation to any after services of the plaintiff as counsel in the cause.   Also, that plaintiff afterwards aided as counsel for defendant, and argued his cause three terms, for which they have allowed the plaintiff ten dollars a term.

2d. For that the auditors were requested to report the facts found, by which it was made to appear to said auditors, that the defendant paid the plaintiff nine dollars of the plaintiff's account, Nov. 26, 1822. And the auditors refused

Rutland,
January,
1833.

Strong
vs.
McConnel.

to report the facts or the nature of the evidence upon which they relied in coming to that result.

The report of the auditors was accepted by the Court, and judgement rendered thereon. Whereupon this writ of error was brought. So much of the record is presented, as, in connexion with what may be drawn from the opinion of the Court, is necessary for a full understanding of the case.

*R. B. Bates, for defendant.*— 1st. In conformity to a general rule applicable to all such cases, Mr. Strong's charges ought to have been graduated in reference to his first representation and agreement.

And whether they should be so graduated is a question of law for the Court to decide. And is different from a mere estimation of the *value* of services upon which the Court would not disturb the finding of the auditors.

2d. It appears by the report that the parties attended and the auditors examined their account. No other witnesses were present.

The defendant contends that the plaintiff's testimony was inadmissible to prove the item of cash paid, or the time when it was paid; and, that the defendant's testimony as reported on this subject is not sufficient in law to authenticate the date of said item on the plaintiff's book, so that the whole account was not allowed.

3d. The defendant further contends that his admission of having paid the nine dollars, being accompanied with an assertion, that when he paid it he informed the plaintiff it was all he owed him and all he would pay, does not take the case out of the statute of limitations.

1st. Because to give it such effect it was necessary the account should have been mutual before the payment of this item. When the account is all on one side, the mere payment of part, does not constitute that mutuality of accounts referred to in the books.

2d. The most that can be implied from part payment is that the accounts have never been *settled*, whereas it is necessary that there should be a distinct admission of the debt to take the case out of the Statute. *Olcott* vs. *Scales,* 3 Vt. Rep. 173; *Bangs* vs. *Hall,* 2 Pickering Rep. 378.

RUTLAND,
January,
1833.

Strong
vs.
McConnel.

3d. The Statute goes upon the presumption of payment or settlement, or that nothing was originally due, arising from lapse of time. If however, this presumption is rebutted by an acknowledgement or payment of part, the law implies a new promise. Yet this new promise cannot be implied, when there is an express declaration of the party that he will pay no more, or that no more is due. *Bangs* vs. *Hall,* 2 Pickering, 378 ; 2 Saun. 127, note.

*R. C. Royce, for plaintiff.*—1st. The first question presented by the bill of exceptions, is whether the plaintiff was bound at the subsequent trials of said cause to argue the same for three dollars per term, as was stipulated for the first trial.

The original record shows that the defendant was present at each of said trials.

It is contended by the plaintiff, that the auditors were the sole judges of what would have been a reasonable compensation, and this they were bound to allow.

2d. The statue of limitation is also made a defence ; the original writ bears date the 8th, and is served the 18th of Oct. 1828, and within six years of the date of the credit as proved before the auditors.

The auditors are the sole judges of the weight of evidence as has been decided by this Court, in numberless cases. This defence was made before them, and to obviate it, they state in their report, " it was made to appear to us that the defendant paid the plaintiff nine dollars of the plaintiff's account, Nov. 26, 1822.

It appears also, that the credit was shown as well as the debit side of the plaintiff's book, a short time before action, and the plaintiff " *assented,* or said the credit was right."

There is no pretence that improper evidence was admitted, and it does not appear that other evidence was adduced before the auditors ; and it is wholly immaterial if the exhibition of the account to him in the manner stated and his assent thereto, if proper in kind and sufficient in degree to satisfy the auditors, the defendant cannot legally have relief. And indeed it is contended the book alone in absence of any account of the defendant was sufficient, and

that a debt or credit would bring the case within the statute 2 Vt. Rep. *Hutchinson* vs. *Pratt*, (174.)

RUTLAND,
January,
1833.

Strong
vs.
McConnel.

3d. It may be contended that the report shows the defendant contended *at the time* he paid the nine dollars, it was all he owed, and that this rebuts the legal inference of an acknowledgement of the debt.

It is not admitted that such could be the tendency of the evidence, if the report could justify such a construction. The language of the report is, " it was admitted by the defendant that he never had paid any other sum on account, except said nine dollars, and that the defendant contended that at the time he paid it, it was all he owed the plaintiff.

It does not appear that he contended or that there was the slightest evidence before the auditors, or that they intended to report, that *at the time* the nine dollars was paid the defendant contended this was all he owed, but it is merely, that he contended before the auditors he *did not owe any more when this payment was in fact made.*

4th. It is contended that the admission that no more was in fact paid, binds the defendant to pay what shall be found due. And it is difficult to distinguish this from the case of a note for $100, upon which the maker admits he paid a sum less than the amount of the note, (indorsed so as to bring the case within the statute,) and that he has paid no more than the sum indorsed and yet pleads the statute.— 2 Starkie, 895; 4 M. & S. 361 ; 4 East. 599 *Bryan* vs. *Horseman*.

5th. There can be no error in the auditors refusing to report the particular evidence. It was not their duty to do so, and it has been so ruled by the Court.

The opinion of the Court delivered by

BAYLIES, J.—In this case a report of auditors in favor of the plaintiff and against the defendant was made to the County Court, and was accepted, and judgement was rendered thereon by said Court, to which the defendant excepts, and a full record of the proceedings in the action is brought here to be inspected by the Court, and for the correction of errors, if any there be.

1st. As the plaintiff was retained in the cause of the de

RUTLAND,
January,
1833.

Strong
vs.
McConnel.

fendant Hall, just as it was coming on for trial, September Term, 1818, it is possible, that three dollars was a full compensation for the services rendered at that term by the plaintiff " *with such preparations as he had.*" And at subsequent terms of the Court, the plaintiff might, with *better preparations,* merit ten dollars for an argument. It was a question of fact for the auditors to decide, whether the three dollars, agreed upon, was to be a compensation for each argument, that the plaintiff might make ; or was to be a compensation for only the first argument. The auditors have decided, that the three dollars was a compensation for the first argument ; and have found for the plaintiff to recover ten dollars for each subsequent argument. I do not perceive that the auditors erred in making this decision, if the plaintiff's claims were not barred by the Statute of Limitations as the defendant contends.

2d. It appears from the record, that the plaintiff's last argument was at January Term 1822, and is the last item of charge on his book. It also appears, that the defendant paid to the plaintiff nine dollars towards his account, on the 26th November, 1822, and the same was credited. And it also appears, that the debt and credit of the plaintiff's account were showed to the defendant a short time before the commencement of this suit, and " the defendant said the credit was right, and *admitted* he had never paid the plaintiff any other sum on *account,* except said nine dollars." It also appears that the plaintiff's writ bears date the 8th, and was served on the 18th of October 1828. Hence I conclude, that the plaintiff's last item of charge was dated six years and eight months before the date of the plaintiff's writ, and the plaintiff's account was barred by the Statute of Limitations, when the writ issued, unless taken out of the Statute by defendant's paying nine dollars towards the account on the 26th Nov. 1822, which was 49 days short of six years when the writ issued. The defendant's admission, *that the credit was right, and he never paid the plaintiff any other sum on account, except said nine dollars,* tends to show, that the credit was not fictitious; but was given by the plaintiff according to the money he received of the defendant on the account. Here I would use the language of Lord *Kenyon, C. J.* in the case of the

*Executors of Tuthill* vs. *Spaulding et al.* 6 T. R. 189. He says "it is not doubted, but that a promise, or acknowledgment within 6 years will take the case out of the Statute ; and the only question is, whether there is not evidence of an acknowledgment in the present case.— Here are mutual items of account ; and I take it to have been clearly settled, as long as I have any memory of the practice of the courts, that every new item of credit in an account, given by one party to the other is an admission of there being some unsettled account between them, the amount of which is afterwards to be ascertained ; and any act, which the jury may consider as an acknowledgment of its being an open account is sufficient to take the case out of the Statue. Daily experience teaches us, that if this rule be now overturned, it will lead to infinite injustice." "A part payment of the demand, clearly revives the debtor's liability as to the remainder. But to obviate the effect of the Statute, it is not necessary that the debtor should make a new promise to pay the money. It is sufficient that he *recognizes*, or admits the *existence* of the debt, although, so far from making a promise to pay it, he, at the same time, disputes his liability, and asserts, that he never will satisfy the claim, as it did not arise within six years." Chit. on Contracts, 317, and cases there referred to.

In view of the above principles of law, it was for the auditors to find, whether the defendant by paying a part of the plaintiff's account, did not admit, that there was an open unsettled account between them, and take the case out of the Statute of Limitations. I have no doubt, but part payment of the account revived the defendant's liability, as to the remainder. If the defendant ever *contended* that at the time he paid it (the $9,) it was *all* he owed the plaintiff" it would not affect the defendant's liability, so long as there was no evidence in the case, tending to prove his assertion to be true.

3d. If either party thinks the evidence laid before the auditors for them to find a particular fact is illegal, or inadmissible, such party may request the auditors to report such evidence, and the objections to it ; and if the auditors neglect, or refuse to make such report, it would be er-

RUTLAND,
January,
1833.

Strong
vs.
McConnel.

RUTLAND,
January,
1833.

Strong
vs.
McConnel.

ror. But in this case the auditors were not requested to report the evidence of a particular fact, because it was illegal or inadmissible; but to report the whole evidence in the case instead of the facts. This the auditors refused to do and it was not error.

The judgement of the County Court is affirmed.