## WILLIAMS EMMONS *vs.* AURIN Z. LITTLEFIELD.

The grantor is not estopped to prove, that there were other considerations, than that expressed in the deed.

Where L. contracted in writing with E. to pay him the amount of his notes given for certain land, and also to pay him three hundred dollars in addition; and E. agreed to convey the land to L. when all the payments were made; and afterwards E. gave to L. a deed of the land for the consideration expressed therein of three hundred dollars; E. is not precluded by the deed from recovering the balance proved to be due on the contract.

ASSUMPSIT for money had and received. The plaintiff produced in evidence an agreement signed by the defendant and *Thomas W. Smith*, dated *August* 10, 1829, by which the defendant agreed to purchase for about $1400,00 of the plaintiff and said *Smith* two undivided tenth parts of a certain tract of land, which they and others had before contracted to purchase of the agent of the *Bingham* heirs; and to give them each a bonus of one hundred and fifty dollars, and to pay them the amount of their notes for the land as they had agreed to pay the agent. A deed was to be given when all the payments were made.

The plaintiff proved by said *Smith*, who was objected to by the defendant, as interested, but admitted, that sundry payments were made by the defendant to the witness, acting for himself and as agent of the plaintiff, and that receipts were given therefor, the last of which was dated *July* 19, 1832; that the defendant had paid him all that was due for his part, and that there was a balance of $77,06 then due to the plaintiff under the agreement signed by defendant and himself. The defendant produced in evidence a deed from the plaintiff and said *Smith* and two others to him of four undivided tenth parts of the land mentioned in the

contract, the consideration in which deed was $300,00. The defendant contended, that the deed extinguished all claim arising under said contract, and was evidence not to be controlled by parol evidence, that the money agreed to be paid by defendant for the land had been paid. He also contended, that if it were not so, the deed was conclusive evidence, that one half of the consideration, as expressed in the deed, was paid by the defendant to the plaintiff when the deed was given, and if so, nothing was due to the plaintiff.

*Weston C. J.*, ruled both points against the defednant, and directed a verdict for the balance, as testified to by *Smith*. If the ruling was wrong on either point the verdict was to be set aside, and the plaintiff to become nonsuit.

*Boutelle*, for the defendant, argued in support of the grounds of defence taken at the trial.

It appears by the case, that the plaintiff's claim is for a portion of the consideration money of the land conveyed by the deed to the defendant from the plaintiff and others. The foundation of this claim is an agreement to give a deed, when certain sums were paid. The deed is given, and in it the plaintiff acknowledges, that he has received the consideration for the land. The giving of the deed extinguishes all claim under the previous contract.

This is precisely the case of *Steele* v. *Adams*, 1 *Greenl.* 1. Though much has been said against that case, it has been affirmed in others, and is right in principle. The deed is a release under seal, and cannot be explained, or avoided, by parol testimony. *Pierson* v. *Hooker*, 3 *Johns. R.* 68; 3 *Starkie on Ev.* 1274, and cases there cited; *Sampson* v. *Corke*, 5 *Barn. & A.* 606; *Folsom* v. *Mussey*, 8 *Greenl.* 400; *Schillinger* v. *McCann*, 6 *Greenl.* 364; *Tyler* v. *Carlton*, 7 *Greenl.* 175; *Emery* v. *Chase*, 5 *Greenl.* 232; *Linscott* v. *Fernald*, ibid. 503; *Griswold* v. *Messenger*, 6 *Pick.* 517. The same authorities show, that it is certainly good to the amount of one half the consideration money in the deed, as a receipt under seal. That is more than they claimed.

*Wells*, for the plaintiff, argued:

1. The utmost latitude, that can be given to the deed, as an estoppel, is that $300,00 were paid to four persons, because they

acknowledge the receipt of no more. Estoppels are not to be extended beyond the strict meaning, and must be certain to every intent. *Co. Lit.* 352, *b.* And estoppels must be reciprocal; that is, must bind both parties. *Co. Lit. ibid.* The defendant might shew, that more than $300,00 were paid, and therefore the plaintiff ought to be permitted to prove that more was due. And such is the law. *Tyler* v. *Carlton,* 7 *Greenl.* 175.

2. This deed has no reference to the agreement made by *Mr. Smith* and the defendant, and cannot be considered, as evidence of the payment of the money therein stipulated to be paid. Where a bond for a deed is given conditioned to make the conveyance, when five notes are paid, and the deed is made when but three are paid, this cannot be considered as payment of other notes. The notes given before the deed was in existence, are the consideration, and the deed is no more a bar to their collection, than if they had been given at the same time. The agreement here was the consideration of the deed, and the only payment made. The sums for which receipts were given were but partial payments of the amount stipulated to be paid by that agreement.

3. Parol evidence is admissible to shew, that a part of the consideration money was left back in the hands of the grantor. *Schillinger* v. *McCann,* 6 *Greenl.* 364. Here it was admissible to shew, that the consideration referred to in the deed had relation *only* to the bonus, and that the sum stated by the witness remained in the hands of the defendant.

The action was continued *nisi,* and the opinion of the Court afterwards drawn up by

Weston C. J. — According to the case of *Steele* v. *Adams,* cited in the argument, the plaintiff is estopped to deny the receipt of the consideration stated in the deed, upon which the defendant relies. But he is not estopped to prove, that there were other considerations, than that expressed. The authorities, to establish this position, are collected and cited in the case of *Tyler* v. *Carlton,* 7 *Greenl.* 175, to which we refer. It is very clear, that the deed did not express the whole consideration. That deed conveyed four tenths of the *Balize* township, for the consideration therein expressed of three hundred dollars. But by the con-

tract of *August,* 1829, the bonus alone, for two tenths only, amounted to that sum ; in addition to which, the defendant was to pay for those two tenths, what the plaintiff and *Smith* were to pay therefor to those who held under *Bingham.* This is under the hand of the defendant, and is not controverted or denied. The deed is evidence of payment as far as it goes ; but it evidently states but a part of the consideration. The plaintiff and *Smith* were by the contract to give a deed, when the defendant paid. They did give a deed. This may by implication, not by estoppel, be evidence that the defendant had paid. But it is an implication, which may be rebutted. It is open to inquiry. They agreed to give a deed, when paid ; but they might give it before. *Smith,* the witness, whose competency is now conceded, was agent for the plaintiff ; and he testified, that at the time of the trial, there was due from the defendant the balance found by the verdict.

In the opinion of the Court, the legal objections made by the defendant cannot be sustained.

*Judgment on the verdict.*