## COUNTY OF RUTLAND,

SEPTEMBER ADJOURNED TERM, 1844.

[Continued from Vol. 17, page 622.]

PRESENT,

HON. CHARLES K. WILLIAMS, CHIEF JUDGE.
HON. STEPHEN ROYCE, } ASSISTANT JUDGES.
HON. WILLIAM HEBARD, }

---

JOSEPH MUNSON *v.* JAMES RICE, Executor of PATIENCE LOMBARD.

An admission of an existing debt, or a promise to pay it, will have no effect against the statute of limitations, after the expiration of six years from the time the admission, or new promise, was made.

APPEAL from the decision of commissioners appointed by the probate court upon the estate of the testatrix. An auditor was appointed by the county court, who reported, that the plaintiff presented before him an account, which commenced in 1828, and which amounted, with the interest, to $112,44, of which $101,05 accrued more than six years prior to the decease of the testatrix; that there was no interval of six years between any two items of the account; that the plaintiff's account contained no credits, and that the defendant presented no claim against the plaintiff, except a re-

ceipt for $15,00, to apply on account, dated April 8, 1831, and given by the plaintiff to the testatrix. The testatrix deceased October 14, 1841 ; and the defendant insisted that the plaintiff was only entitled to recover for so much of his account, as accrued subsequent to October 14, 1835,—being $11,39.

The county court,—BENNETT, J., presiding,—disallowed all of the plaintiff's account, which accrued prior to October 14, 1835, and rendered judgment, upon the report, in favor of the plaintiff, for $11,39. Exceptions by plaintiff.

*C. B. Harrington* for plaintiff.

*G. W. Harmon* for defendant.

The opinion of the court was delivered by

HEBARD, J. The main question in this case was settled in the case of *Hutchinson et al.* v. *Pratt, Adm'r,* 2 Vt. 146, and affirmed in the case of *Chipman* v. *Bates,* 5 Vt. 143.

The plaintiff, however, claims that the payment of the sum of fifteen dollars in 1831 was equivalent to an admission on the part of the defendant, at that time, that there was an unsettled account between the parties. But this does not seem to relieve him from the embarrasment imposed upon him by the decisions referred to ; for if the defendant's testatrix made a new promise in 1831, the liability arising from that is as limited as the original liabilty, and would only avail to keep off the operation of the statute of limitations until 1837; and the testatrix having deceased in 1841, the whole effect of the admission made in 1831 would have been lost before her decease. We do not see, therefore, that the plaintiff stands in any different position in the case, in respect of the promise made in 1831.

Judgment affirmed.