##### FOR THE

## COUNTY OF FRANKLIN,

### JANUARY TERM, 1852.

---

### PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, ⎱ ASSISTANT JUDGES.
HON. PIERPOINT ISHAM, ⎰

### H. B. FARRAR *v.* EPHRAIM BESSEY AND WIFE.

*Book Account. Husband and Wife. Statute of limitations.*

The wife, after marriage, and while living with her husband, is incapable of contracting a debt against herself, nor can she claim the benefit of credits upon a debt that she contracted before her intermarriage, except as payments made by her husband upon her debt.

A *feme covert* cannot make a promise express or implied, in her own right, while living with her husband, to remove the Statute bar, and if after her intermarriage she makes part payment of a debt contracted before marriage, it will not constitute an implied promise, so as -to take the account out of the Statute if the six years has run.

And no promise of the husband, which can affect the rights of his wife, under the Statute of limitations, can be implied from part payment, by him, of a debt contracted by his wife, while *feme sole.*

BOOK ACCOUNT. The action was commenced before a justice of the peace, and came to the county court by appeal. Judgment

XXIV. 7

Farrar *v.* Bessey and Wife.

to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows :

The plaintiff's account was not disputed, but the defendants relied upon the statute of limitations, for defense. It appeared that two credits were made upon the plaintiff's books within six years, for services of the defendants' wife, and that the plaintiff and defendants agreed that the same should apply on the account against the wife of the defendant Bessey, contracted before her intermarriage with the said Bessey ; that the plaintiff and defendants, before, or at the time the services were rendered, agreed that it should be applied in part payment of the account, as before stated.

Upon these facts, the county court rendered judgment for the defendants upon the report. Exceptions by plaintiff.

*N. L. Whittemore* for plaintiff.

1. A credit on an account, within six years, is evidence that there is an unsettled subsisting account between the parties, and the law will infer a promise to pay the balance thereon due.

2. After six years, the law will presume a debt paid, and any acknowledgments of the party that the debt is not paid, will remove that presumption, and a promise to pay will be inferred unless the debtor express an unwillingness to do so, and the party recovers on the original promise. *Barlow* v. *Belamy,* 7 Vt. 54.

3. A *feme covert,* being a party defendant, is competent to make such part payment, or such acknowledgment; and there is no reason why the law should not raise a promise on her part to pay the balance, and when the husband is present, and consenting to such payment or acknowledgment of the wife, there can be no hardship in rendering him liable also.

4. An acknowledgment that a judgment is due within eight years will remove the statute bar, but the party does not recover on the new promise, but upon the record. *Olcutt* v. *Scales,* 3 Vt. 173.

*Stevens & Edson* and *I. B. Bowdish* for defendants.

In this case, the defendants contend,

1. That the husband could make no promise which could bind the wife.

2. That the wife can make no promise or contract which will

bind the husband, as to debts contracted before her marriage. *Powers* v. *Southgate and wife*, 15 Vt. 471.

3. That part payment is only evidence that defendants acknowledged the debt, and if the acknowledgment of either will not bind the other, neither will part payment.

4. That if defendants agreed that the labor of the wife should apply in payment of the wife's debt *dum sole*, yet from the auditor's report, it appears that plaintiff did not acquiesce in such application, until more than seven years after the services were rendered, and therefore, if not acquiesced in by the plaintiff, is not binding. The auditor finds the services were rendered in July, 1843, and credited, August, 1850.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of book account, brought to recover a balance claimed to be due from the wife. The whole of the plaintiff's account, except one item of fifty cents, on the *debit* side, and two items of credit, amounting to two dollars and fifty cents, accrued before the intermarriage of the defendants. They presented no account before the auditor, but relied on the statute of limitations. To this defense two answers were attempted before the auditor, but only one of them is now insisted on. This is based upon the fact, that the three items referred to accrued within six years before the commencement of the action. And these entries are found to have been justified by real transactions between the parties. But the report shows, that this part of the account accrued after the defendants had intermarried. When it accrued, the wife was no longer capable of contracting a debt against herself, nor was she entitled to claim the benefit of these credits, except as payments made by her husband upon her debt. In legal effect, this part of the account arose between the plaintiff and the husband alone; so that the account properly existing with the wife, was not brought down to a time within the six years. *Gay et ux* v. *Estate of Rogers*, 18 Vt. 342. It is found by the auditor, however, that the services of the wife, which constituted these two items of credit, were, by the express consent of both defendants, received to be applied in part payment of the previous account against the wife. They must have the application which was then intended. And the general rule is, that the admission

of a debt by part payment, is sufficient to warrant the implication of a new promise to pay the unsatisfied balance. *Strong* v. *Mc-Connell,* 5 Vt. 338. *Joslyn* v. *Smith,* 13 Vt. 353. *Munson* v. *Rice* and *Sanderson* v. *Milton Stage Co.,* 18 Vt. 53 – 107.

But to authorize the implication of such new promise, from part payment, or other acknowledgment of a debt, the party whose promise is to be *implied,* must be legally capable of making a valid and binding *express* promise. And as a *feme covert* cannot make such a promise in her own right, especially while living with her husband, it follows that no effectual promise of the wife can be implied in the present case, from the fact of this part payment of her debt. This is a legitimate and obvious conclusion, from the doctrine held in *Pittam* v. *Foster et al.* 8 C. L. R. 67. And we think it must, from the decision of this court in *Powers* v. *Southgate and wife,* 15 Vt. 471, that no promise of the husband, which could affect the rights of his wife, under the statute of limitations, was to be implied from the payment made by him. The cause of action against the wife, was therefore barred ; and the present suit, founded on the assumption of her continuing liability, could not be sustained. The judgment of the county court is accordingly affirmed.