## JOHNSON *v.* FALL.

Wagers are recoverable in this State as at common law, except such as are prohibited by law, or are against public policy, or calculated to affect the interest, character, or feelings of third parties.

In a case arising for the first time in this State, the common law rule of that case will not be disregarded, and a new rule created, merely because the English Judges have frequently regretted the adoption of the rule.

Such a course would be a usurpation of power by the judiciary.

APPEAL from the District Court of the Sixth Judicial District.

This was an action brought on a promissory note given in the following wager, as alleged in the complaint :   The defendant wagered the sum of $5,000 with William McNulty, that a railroad, then in contemplation between Benicia and Marysville, would be completed in two years from the date of the wager.   Each party gave the other his promissory note for the sum, payable on the event.   The railroad was not constructed.   The note of defendant, on which this action is brought, is as follows :

" Two years after date, I promise to pay to the order of William McNulty, five thousand dollars, if the railroad is not finished from Marysville, Yuba county, to Benicia, when this note falls due.
" September 25, 1852.                              JOHN C. FALL."

The complaint alleges that defendant had a large pecuniary interest in the completion of the road, and avers the assignment of the note for a valuable consideration to the plaintiff.   The defendant demurred to the complaint on the ground that the wager was contrary to public policy, and affecting the interests of third parties, and that no consideration is expressed in the note or averred in the complaint.

The Court below sustained the demurrer and gave judgment for defendant.   Plaintiff appealed.

*Jo. G. Baldwin* and *P. L. Edwards,* for Appellant.

1. There is no statute in the State forbidding wagers.

2. Wagers are recoverable by the common law when not opposed to public policy, and when they do not injuriously affect the interest of third parties.   3 Black. Com., p. 174, note 23 ; Good *v.* Elliot, 3 I. R., 693 ; Da Cesta *v.* Jones, Cowp., 729 ; Thassey *v.* Cricket, 3 Camp.,

172; 2 Selw. N. P. Rep., 1376; Cowp., 37; S. C. Lofft, 383; 6 Moore, P. C., 300; Bland v. Collet, 4 Camp., 157; Morgan v. Petver, 4 Scott, 230; 1 Lowi♥, 33; Earl of March v. Pigot, 5 Barrons, 2802; Pope v. St. Leger, 1 Dal., 344; Billing v. Frost, 1 Esp., 235; Mhoon v. Durden, 12 Jur., 138; Duladass v. Ramball, 3 Eng. L. and Eq., 39; McAllister, v. Haden, 2 Camp., 438; Bate v. Cartwright, 7 Price, 540; ——— v. Richards, 1 Brown, 171; Bum v. Diker, 4 Johns., 438; 10 Johns., 407; Hasket v. Wootan, 1 Nott and McC., 180; Barnet v. Stump, 2 But., 227; Jeffrey v. Ficklen, 3 Pike, Ark., 227; Sheppard v. Sawyer, 2 Murp., 26 R. C.; 3 Scam., 529, Grant v. Hamilton, 3 Mich. C. C. R., 100; Dunman v. ———, 1 Texas, 91; McElroy v. Carmichal, 6 Texas, 456; 9 Texas, 260; Pierce v. Randolph, 12 Texas, 295; Kirkland v. Randen, 8 Texas, 10; Carson v. Rambert, 2 Bay. S. C., 560; Ross v. Green, 4 Harney, 208.

3. There have been no decisions in this State against wagers. The following cases were for money won at gaming. Bryant v. Mead, 1 Cal., 441; Haight v. Joice, 2 Cal., 26, 66; 2 Cal., 26, 81.

4. For the Court to decree a wager against public policy, the ground for so deciding should be very clear. England v. Davidson, Adolf. and Ell., 856.

5. If the policy of the law should be against all wagers, it is for the legislative and not the judicial power to declare it void. 3 Scam., *supra.*

The wager sued on is an innocent wager, and by the common law is recoverable.

*S. J. Field* and *L. Sanders, Jr.,* for Respondent.

We admit that by the common law a wager could be recovered where it was not against public policy, or immoral, or did not tend to the detriment of the public, or affect the interests, feelings, or character of third parties. Yet the English Judges, from Mansfield to the present time, have in almost every case which has arisen, expressed regrets that they have been bound by previous adjudications to hold any bet recoverable. And the American Courts in following the English decisions, have expressed similar regrets. As the question whether any bet can be recovered in an action in this State is presented to this Court for the first time, we would invite particular attention to the case of Rice v. Gist, decided by the Court of Appeals of South Carolina, reported in 1 Strobhart's Reports, page 84, where the doctrine contained in previous decisions of the Courts of that State, quoted in the appellant's brief, is overruled, and the broad principle laid down that " all wagers are unlawful on their clear immoral tendency, and not to be recovered in a Court of justice.

The Court, in its opinion, says: "I agree fully, and so do a large majority of the Court, in the opinion of the Recorder, as expressed in Laval v. Myers, 1 Bail., 486."

The restrictions upon the legality of wagers have been multiplied at every step by the Courts in England, as will be seen by referring to

Chitty on Contracts, 496, 497. No one can read the English books without feeling that the Judges *there* loathe the fetters with which they are bound on this subject, and that they most sincerely desire to say if they could, wagers are unlawful, and cannot be recovered.

*Here*, fortunately, we are under no such restraints. The case of Laval *v.* Myers, has opened the whole matter.

But however this Court may be disposed to regard wagers in general, the wager in this case was void, because it affected the interests of third parties, and because it was contrary to public policy.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

At common law all wagers were recoverable, except such as were prohibited by law, were against public policy, or calculated to affect the interest, character or feelings of third parties. This principle is too well established to require either argument or authority. But it is contended by counsel that, inasmuch as the English Judges have uniformly looked with disfavor on this class of cases, and have frequently taken occasion to express their regret that a different rule had not been established, this Court should, as the question is for the first time presented in the State, without regard to precedent, declare all wagers illegal, on account of their manifest immoral tendency.

Such a course would, we conceive, be a usurpation of functions properly belonging to another department of government. The common law having been adopted as the rule of decision in this State, it is our duty to enforce it, leaving all questions of its policy, as applied to a particular class of contracts, for the consideration of the Legislature.

The questions which are made in the argument of counsel, as to the general utility of the work, which was the subject of the wager, its effect upon the interest of third parties, as well as the tendency of the wager to advance or retard such work, are, we conceive, questions of fact, which cannot properly be decided by a Court on demurrer.

The judgment of the Court below is reversed, and the cause remanded.