[No. 7,311.—Department One.]

## G. W. GRIDLEY *v.* G. W. DORN.

WAGER — CONTRACT — ILLEGAL CONSIDERATION.— While at common law a wager made in respect to matters not affecting the feelings, interest, or character of third persons, or the public peace, or good morals, or public policy, is valid, and can be enforced, the tendency of the Courts everywhere is to restrict rather than enlarge the rule.

ID.—ID.—ID.—A wager upon the result of a horse-race is against good morals and sound public policy, and cannot be enforced by the Courts.

ID.—ID.—STAKEHOLDER.—Where an illegal wager is made, the parties to it may, before the wager is decided, recover their stakes from each other or the stakeholder; but after the money has been lost and won, and the result generally known, neither party should be heard in a court of justice.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Superior Court for the County of Butte.  HUNDLEY, J.

*A. J. Gifford*, and *F. C. Lusk*, for Appellant.

*Burt & Hamilton*, for Respondent.

Ross, J.:

This is an action to recover a wager alleged by the plaintiff to have been made and won by him on the result of a horse-race.  The defendants, who were the stakeholders, interposed a demurrer to the complaint, which was overruled by the Court; and thereupon they answered, denying that the plaintiff won the wager, but averring that the other party thereto did win it, and that as such winner they had paid the stakes to him.  After trial, judgment was rendered for the plaintiff.

It is the first case of the kind that has reached this Court.

*Johnson v. Fall*, 6 Cal. 359, was an action brought to recover a wager made between the defendant and one McNulty, that a railroad, then in contemplation between Benicia and Marysville, would be completed within two years from the date of the wager; and this Court sustained the action, holding that it was sustainable at common law, and—since the common law has been adopted as the rule of decision in this State, except where changed by statute—sustainable here.  While at common law a wager made in respect to matters not affecting the feelings, in-

terest, or character of third persons, or the public peace, or good morals, or public policy, is valid, and can be recovered, yet if it *does* involve a breach of the peace, or is calculated to wound the feelings, or affect the interests or character, of third persons, or is in relation to a matter which is against good morals or sound public policy, it is illegal and void, and no action in affirmance of the contract can be maintained. (*Johnston* v. *Russell,* 37 Cal. 672.) The tendency of the courts everywhere is to restrict rather than enlarge the rule, and it has often been regretted by the judges, even in England, that such actions ever should have been maintained in courts of justice.

As observed already, at common law, no action in affirmance of a contract of wager made against good morals or sound public policy was maintainable; and such, in our opinion, was the nature of the wager in this action. Indeed, if the question were a new one in this State, we should be inclined to hold *all* wagers contrary to good morals and sound public policy, and therefore invalid; for every bet, as said by the Supreme Court of South Carolina in *Rice* v. *Gist,* 1 Strob. 84, "tends directly to beget a desire of possessing another's money or property, without an equivalent." See also *Collamer* v. *Day,* 2 Vt. 146; *Wheeler* v. *Spencer,* 15 Conn. 30; *Lewis* v. *Littlefield,* 13 Me. 233; *Edgall* v. *McLaughlin,* 6 Whart. 176; and *Wilkinson* v. *Tousley,* 16 Minn. 299, where it was held, that a wager similar to that here under consideration was illegal and invalid, as against good morals and sound public policy.

In *Johnston* v. *Russell, supra,* it was held, that where an illegal wager is made, the parties to it may, before the wager is decided, recover their stakes from each other, or from the stakeholder, if one has been employed; but that after the money has been lost and won, and the result generally known, neither party should be heard in a court of justice. To the same effect is *Hill* v. *Kidd,* 43 Cal. 615.

The impropriety of the courts entertaining such actions as this is well illustrated by the circumstances of the present case; for it appears from the record to have been conceded in the Court below that the right of the plaintiff to recover depended upon the question whether the wager made was a "by bet" or a "time bet." To determine this question, several witnesses

were introduced, who gave their opinions in the matter, and we have been cited by counsel to the " Spirit of the Times " and the " Rules of the National Trotting Association," as authorities upon the proposition. These are, we believe, standard authorities in turf matters, but cases which depend upon them for their solution have no place in the courts. If, notwithstanding the evil tendency of betting on races, parties will engage in it, they must rely upon the honor and good faith of their adversaries, and not look to the courts for relief in the event of its breach.

Judgment and order reversed, and cause remanded to the Court below, with directions to dismiss the action.

MORRISON, C. J., and McKINSTRY, J., concurred.