ALPHEUS HALL, plaintiff below *vs.* BENJAMIN ADAMS, defendant below.----*IN ERROR.*

*Dictum*—It is a general rule of law, that in actions in form *ex contractu*, if a party, who ought to have been joined as plaintiff, is omitted, advantage may be taken of it in evidence, on trial; and that in actions in form *ex delicto*, advantage of such omission can only be taken by plea in abatement.

*Held*, that a disagreement of the judges, in relation to a question of law, material in the trial of a cause, can never justify them in submitting it to the determination of the jury.

In an action of debt for the penalty, under the fourth section of the statute, entitled "An act to promote the breed of sheep, and preserve the different breeds distinct," the defendant cannot make a defence against the fact, of his ram being found with the sheep of another person, off of his own enclosure, by any thing short of that, which was beyond his own control; or, that it was through the act of the plaintiff himself.

Such action may be maintained by the *keeper* of the sheep, though he be not the *owner* of the whole flock.

ERROR, from the judgment of the county court, upon a verdict for the defendant. The material facts in the case, and the grounds upon which the judgment was reversed, will sufficiently appear, in the following opinion of the Court, which was delivered by

SKINNER, Ch. J. The judgment complained of as erroneous, was rendered in an action brought to recover the penalty given by the fourth section of the act of 1817, requiring rams to be restrained, &c. The declaration is in common form, and under the plea of *nil debet*, the parties went to trial.

From the record, it appears the defendant insisted before the jury, that to entitle the plaintiff to recover, it was necessary to show in evidence, that the rams were by him *allowed and permitted* to go at large, &c. and the Court was requested to instruct the jury, that it was sufficient for the plaintiff to show, that the rams were *found* at large, &c. and that it was not necessary it should have been by the *consent or permission* of the defendant; but the Court refused, and submitted the law and the fact to the decision of the jury. The record further shows, the defendant contended before the jury, that from the evidence given on the trial, it appeared the plaintiff was not the sole owner of the whole flock of sheep with which the rams were found, but a part of them were the property of one *Alpheus Hall, jr.* who ought to have been joined in the suit; and that as he was omitted in the action, the plaintiff was not by law entitled to their verdict.

The plaintiff requested the Court to instruct the jury, that such joinder was not necessary; but the judge, who charged the jury, wholly neglected to direct them upon the point, assigning for cause, that the judges (there being but two upon the bench) were divided in opinion.

*Grand-Isle,*
*January,*
*1826.*

Hall
*vs.*
Adams.

It is a general rule of law, that in actions in form *ex contractu,* if a party who ought to have been joined as plaintiff, is omitted, advantage may be taken of it in evidence on trial, and that in actions in form *ex delicto,* advantage of such omission can only be taken by plea in abatement; but as no question is made upon the subject, it is unnecessary to examine it.

The disagreement of the judges, in relation to the law, can never justify them in submitting the question to the determination of the jury. They are presumed to know, and it is as exclusively their duty, to determine the law, as it is the prerogative of the jury to decide the fact.

Such disagreement may, and perhaps must necessarily be cause of continuance. The verdict in this case, may have been found upon the principle, that there was a non-joinder of plaintiffs. Without deciding the question, whether there *can* be a joinder of different persons as plaintiffs, to recover the penalty given by this statute, where there is not a joint, but several interest, in the sheep, constituting the flock with which the rams are found, it is clear from the testimony appearing upon the record, and was not disputed, that the plaintiff, if not the owner, was in the language of the statute, the *keeper* of the whole flock, and therefore solely entitled to the penalty.

*It* is manifest the legislature, by the act requiring rams to be restrained, intended to place the liability of the owners upon a different ground than that upon which the owners of stallions, as also of swine, are made liable. The language used in the statute, to prohibit stallions going at large, is, if *the owner,* &c. *shall willfully or negligently suffer,* &c. In the case of swine, it is, *no swine shall be suffered to run at large,* &c. and, *if any person shall suffer his or her swine,* &c. In the case of rams, it is, *all rams shall be restrained,* &c. and, *if any ram shall be found with the sheep of any other person, off of the enclosure of the owner,* &c. The jury may have supposed that nothing more than ordinary care and diligence is required of the owner; or at most, that the legal standard by which his conduct should be measured, is that of the diligent and careful, while they ought to have been instructed, that nothing short of that which was beyond his control, or the act of the plaintiff himself, would excuse him.

Judgment reversed.

*Stephen H. Brown* and *J. C. Thompson,* for the plaintiff in error.

*A. G. Whittemore,* for the defendant in error.