RUTLAND,
*January,*
1839.

CHLOE POWERS *v.* GARDNER POWERS.

An action of ejectment, to recover the forfeiture of real estate, conveyed by
mortgage, is considered as an action to recover money, in which a tender
of the amount due, three days before the sitting of the court, according
to the statute, may be made.

A decree of the supreme court, setting off to a wife, divorced, lands to secure
an annual instalment, as alimony, is considered as a mortgage, and al-
though the payment on the day was omitted, yet a tender, three days be-
fore the sitting of the court, of the amount due, with interest and cost,
is sufficient to prevent a recovery in an action of ejectment for the
lands decreed.

EJECTMENT. The defendant pleaded the general issue. Tri-
al by the court.

The plaintiff claimed title by virtue of of a decree of the
supreme court, reciting the granting, by said court, of a bill
of divorce to the plaintiff from the defendant, and assigning
to the former, as alimony, the premises in question, in fee,
conditioned that the said assignment was to be void on the
payment, by the defendant to the plaintiff, of a certain sum,
by instalments, the first of which was due and unpaid at the
date of plaintiff's writ.

The defendant admitted himself in possession, and proved
a tender to the plaintiff, three days before the return day of
the writ, of the amount of the said first instalment, with the
interest and cost, then accrued thereon.

The county court decided that the condition of the de-
cree was performed, and that the right of possession remain-
ed in the defendant, and rendered judgment that he recover
his cost. To which the plaintiff excepted.

*R. R. Thrall* and *E. N. Briggs,* for the plaintiff.

I. The title to the premises became absolute in the plain-
tiff upon the failure of the defendant to comply with the con-
ditions as specified in the decree.

II. In any event, the defendant has no remedy at law.—
The statute authorizing the courts to ascertain the sum due,
in equity, upon mortgages, &c., does not apply to this case.

*S. Foot* and *P. Smith,* for defendant.

The plaintiff held the premises in question by decree of
the court, as a mortgage security for the payment of the sev-
eral instalments ordered in the decree. The decree being,
then, in the nature of a mortgage, a mere security for a debt,

and only a chattel interest, and the defendant still in possession, he continues the owner of the fee, until a decree of foreclosure. The original severity of the common law, treating the mortgagor's interest as resting upon the exact performance of a condition, and holding the forfeiture or breach of the condition to be absolute by non-payment, or tender at the day, is entirely relaxed; and the case of mortgages is a signal instance, in the history of jurisprudence, of the triumph of equitable principles over technical rules, and of the homage which those principles have received by their adoption in the courts of law. The equity of redemption is considered to be the real and beneficial estate, tantamount to the fee at law; and it is accordingly held descendible by inheritance, devisable by will and alienable by deed, precisely as if it were an absolute estate of inheritance at law. The courts of law have adopted these equitable views of the subject. These principles have been frequently decided and thoroughly established. 4 Kent's Com. 159. 4 Black. Com. 2—. 15 Mass. Rep. 207. 4 Johns. R. 41. 5 do. 290. 7 do. 278.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—When this cause was tried in the county court, it struck me that the defendant had no relief at law, but must resort to equity to be relieved from the forfeiture. The judgment was there rendered with a view to have the cause come to this court, when a bill in chancery could be instituted, if it should be thought necessary by defendant's counsel. We are, however, of opinion, that the defence set up against the plaintiff's right of recovery, is good at law, as well as in equity. The policy of this state has not been to favor forfeitures, nor to compel the parties to resort to equity when relief can be afforded at law, consistently with the principles and practice of the court. If the decree of the supreme court, by virtue of which the plaintiff claims title to the premises in question, was considered as a mortgage, or in the nature of a mortgage, designed to secure the payment of money, the court should endeavor so to construe it as to effect the object, viz. the payment of the money, and not to make it operate as a penalty and forfeiture. The common law upon the subject of mortgages is, that there must be a strict performance of the condition or the estate is forfeited,

and no relief can be had at law. Hence, a tender after the day could not be taken advantage of. In this state, after a recovery in an action of ejectment, relief can be had from the court rendering the judgment, on a petition to redeem. In the action of ejectment, when the plaintiff makes title by a mortgage deed, it is required that the securities mentioned in the condition should be brought into court, to repel the presumption of their having been paid, if not produced. It is a good defence, in such an action, that payment has been made, and, consequently, a tender must be a good defence. The action is treated as an action to enforce the payment of money, and when payment is made the object of the suit is effected.

The decree of the supreme court, before mentioned, was not a mortgage, *eo nomine.* It was a decree for alimony, not designed to give the plaintiff the land in question,—as the defendant retained an interest therein, and was to remain in possession,—but to secure the payment of certain sums of money decreed to be paid by the defendant to the plaintiff.— This decree would, in England, probably be enforced in the ecclesiastical court. The plaintiff has resorted to a court of law to obtain the benefit of the decree. We view this as an action to enforce the payment of the instalment decreed, because we consider the decree was so intended. Under our statute in relation to tenders, the defendant can, at any time within three days before the sitting of the court to which the writ was returnable, tender to the plaintiff the amount of the demand sued for, with the cost which may have arisen at the time of the tender, and give this tender in evidence, under the general issue, in bar of the action. The plaintiff has had the offer of all she was entitled to, viz, the money decreed to her with the interest and cost, and can now have it. If she claims any thing more, it is against the spirit and intent of the decree. The judgment of the county court must, therefore, be affirmed.