### NATHAN WOODCOCK *v.* P. T. CLARK AND WIFE.

In an action on book account, brought originally before the county court, a tender, made before the commencement of the action, need not be pleaded in the county court, but may be proved and insisted on at the trial before the auditor; and if the money tendered is paid to the auditor, and sent by him to the court, with his report, it is sufficient.

Tenders authorized by statute, after suits are commenced and before their entry in court, are not to be pleaded, but given in evidence under the general issue. ROYCE, J.

BOOK ACCOUNT. The action was commenced originally before the county court. Judgment to account was rendered, and an auditor was appointed, who reported, that there was a balance due

to the plaintiff from the defendants of thirty two dollars and sixty six cents. It appeared, that the defendants, previous to the commencement of the action, tendered that sum to the plaintiff, and that they paid the money to the auditor, at the hearing before him ; but the tender was not pleaded, nor the money paid into court, previous to that time. The auditor sent the money to the court, with his report.

The defendants excepted to the report, and, at the hearing upon the exceptions in the county court, offered to prove, that the plaintiff's counsel had taken the money out of court during the term at which the exceptions were pending. The county court,—WILLIAMS, Ch. J., presiding,—rejected the evidence and rendered judgment in favor of the plaintiff for the balance reported due by the auditor. Exceptions by defendants.

*A. Keyes* for defendants.

The defendants were not bound to plead the tender in the county court ;—1, Because the county court are not the triers of the case ; —2, Because an issue might be formed thereon to the jury, so as to take the case from the auditor, which cannot be ;—3, Because the defendant is never bound to plead, until declaration filed ; nor *can* he plead, until notified what the claim is. In book account the presentation of the account, on *oyer*, is the declaration. But the defendant is not entitled to *oyer* until the audit ; and if *oyer* is given, the plaintiff is not bound by it at the hearing ; *Reed* v. *Barlow*, 1 Aik. 145 ; of course he cannot plead, until the audit.

*Walker & Kellogg* for plaintiff.

It is well settled, that a tender, to be of avail, must be pleaded and the money be paid into court. 2 Esp. N. P. 168. *Pether* v. *Shelton*, 1 Str. 638. 2 Dall. 190. *Tracy* v. *Strong*, 2 Conn. 659. 1 Wash. C. C. 29. This rule applies as well in actions on book account, as in other actions. *Pratt* v. *Gallup*, 7 Vt. 344. *Wing* v. *Hurlburt*, 15 Vt. 607.

The opinion of the court was delivered by

ROYCE, J. As the defendants have raised no question in reference to the evidence excluded at the hearing of the report, I shall

pass that part of the case without remark. Two questions are to be considered :—1. Whether the defendants were bound to plead the tender. 2. Whether it was necessary to bring the money into court at an earlier stage of the case.

1. That a tender must in general be specially pleaded admits of no controversy, or doubt. I am aware of no period, when the common law did not require it to be so pleaded. Such a plea, at common law, was required to show, that the party had at no time been guilty of any fault in reference to his contract, but had done all that he was permitted to do, in order literally to fulfill it. And he was required to manifest his continued readiness to fulfill it, by interposing the plea at the earliest opportunity. Hence a tender could not be pleaded with an imparlance, but was to be entitled as of the same term with the plaintiff's declaration. Lawe's Pl. 466–7 (625,) and authorities there cited.

But with us this strictness, as to the time of making tender upon ordinary cash demands, has never been exacted, nor is the former English practice enforced as to the precise time of pleading it. And to the general rule, requiring tender to be pleaded, we recognize several exceptions. If the tender is collateral to the action, as having operated to extinguish, or suspend, the plaintiff's title to the specific property sued for, it need not be pleaded to such action. *Powers* v. *Powers,* 11 Vt. 262. *McDaniels* v. *Reed et al.,* 17 Vt. 674. Again, tenders authorized by statute, after suits are commenced and before their entry in court, are not to be pleaded, but given in evidence under the general issue. In the action on book account it is practically settled, that the plaintiff is not bound by the oyer furnished of his account, and the auditor is moreover required to adjust all accounts between the parties to the time of the hearing before him. And in view of all this it has been determined, that a tender, may be shown and insisted on before the auditor, instead of being previously pleaded. Indeed, it may well be doubted, whether such a plea *in limine* is admissible in the action. See the reasoning of HUTCHINSON, Ch. J., in *May et al.* v. *Brownell,* 3 Vt. 468,—of PHELPS, J., in *Loomis* v. *Barrett,* 4 Vt. 451,—and of WILLIAMS, Ch. J., in *Pratt* v. *Gallup,* 7 Vt. 347. In this instance a plea of tender, as to the thirty two dollars and sixty six cents, could not have appeared to be a full defence to the action ; nor

could it have been so in truth, since the plaintiff's account, as presented and claimed before the auditor, amounted to a much larger sum.    Hence, in reference to the question of pleading specially, the case is analogous to that of *May et al.* v. *Brownell,* while in regard to the subject matter of defence it falls within the decision made in *Pratt* v. *Gallup.*    It has no resemblance to *Wing* v. *Hurlburt,* 15 Vt. 607, for there the tender was first made on the trial before the auditor.    A previous plea of the tender in the case at bar was not required.

2.    The defendants do not controvert the well known rule of law, that a cash tender upon any debt, or contract, though it be refused by the creditor, must be kept good, and the money brought into court, in order to make the tender available in defence of an action brought directly upon such debt, or contract.    Nor is it claimed, that any exception to this rule prevails in reference to a book debt, or to the action on book.    The only question is, at what stage of the action the money must be brought in.    In other cases a *profert in curiam* is to be made in the plea of tender ; and, consequently, the time for producing the money in court is that of filing the plea.    Stark. Ev. 1390, note.    But as such a plea is not required in this form of action, the proper time would seem to be, when defence to the merits of the action is first asserted and made.    If the suit is brought before a justice court, the money must be produced in that court ; and if the action is there defended exclusively on other grounds, or a judgment submitted to and an appeal taken by the defendant, without insisting on the tender, it will be too late afterwards to set up that defence.    See *Chipman* v. *Bates,* 5 Vt. 143.

The present action was originally brought to the county court, and the question is, when should it be considered that defence was first made.    We are not to understand, that the defendants did more in the outset, than simply to appear to the action and give judgment to account.    And that cannot be regarded as any confession, or denial, touching the merits of the case, and certainly not as a waiver of any competent defence before the auditor.    It was but a necessary step in the progress of the cause, preparatory to an actual defence and trial.    The first defence, then, was made before the auditor ; and we think the defendants were in time, if they then paid the money into his hands, in confirmation of the defence of tender.    In

a certain sense that might justly be deemed a payment into court, since the auditor was *pro hac vice* an officer and branch of the court. And when the trial before him was terminated, he delivered the money into the proper custody of the court. It would doubtless have been equally safe for the defendants, had they previously lodged it with the clerk. But as the record would have shown no fixed connection between the money and the suit, until plea filed, or defence of tender made, we think the course pursued was legally unobjectionable.

Judgment of county court reversed, and judgment on the report for defendants.