## DANIEL TOWN *v.* JONAS G. LAMPHIRE.

### *Rams.. Division Fence.*

The penalty of the statute, (Acts of 1856, No. 54, p. 58, Gen. Stat. ch. 104, sec. 6,) which provides for the restraining of rams from running at large, is incurred if the ram is found off from its owner's or keeper's premises and with the sheep of another, unless it is made to appear that this was caused by some positive wrongful act of the prosecutor himself, or could not have been prevented by the utmost care and diligence of the owner or keeper.

The neglect of the prosecutor to maintain and keep in repair his portion of the division fence through which the ram escaped, is not such positive wrongful act.

CASE, to recover the penalty imposed by the statute for not restraining rams. Plea, *not guilty*, with notice of special matter in defense. Trial by jury at the May Term, 1862, BARRETT, J., presiding.

The plaintiff testified that in the month of August, 1857, he found the defendant's ram in his pasture with his sheep; his testimony further tended to show that the ram escaped from the pasture of one Shattuck which adjoined the plaintiff's pasture where the ram was found with his sheep.

It appeared that the defendant had procured the ram to be kept in Shattuck's pasture during the pasture season of the period for which rams are required by law to be restrained.

The defendant's testimony tended to show that the fence had been divided between the pasture of Shattuck and that of the plaintiff for nearly forty years, and the division had been recognized by all the owners of the two pastures, and had been so adopted and recognized by Shattuck and the plaintiff; and that the plaintiff was to maintain the part east of the point of division and Shattuck the part west of that point; and that the ram escaped through the part that the plaintiff was bound to maintain, by reason of its being insufficient and greatly out of repair; that there was a gap near a hedge where there was nothing whatever to prevent the ram from running through.

To this testimony the plaintiff objected on the ground that the

defendant at the time named was bound to restrain his ram at all events, and could not avoid the penalty on account of the escape of his ram through the plaintiff's part of the fence by reason of its insufficiency. The court overruled the objection; and the plaintiff excepted.

The plaintiff's testimony tended to prove the contrary to that of the defendant. There was testimony on other points which were abandoned in the supreme court.

The court charged the jury that it was the duty of the defendant to do all things that might become necessary in order effectually to restrain his ram at the time he got with the plaintiff's sheep, except what it was the duty of the plaintiff, as between him and Shattuck, as adjoining land owners, to do. That if the jury found a division of the fence established by prescription, as the evidence of the defendant tended to show, which the plaintiff and Shattuck, as adjoining owners, mutually recognized; or if they should find a recent understanding between the plaintiff and Shattuck that the plaintiff would keep up and in repair the part of the fence east of said point of division, and Shattuck the part west of it, upon which said parties mutually relied and acted, and the ram escaped through said east part in consequence of defects therein, and by reason of its not being a lawful fence through the neglect of the plaintiff, the plaintiff would not be entitled to recover the penalty sued for—but if the plaintiff's part of the fence was a lawful one, (explaining to the satisfaction of the parties what is meant by a lawful fence,) though the ram escaped through it for want of something more to restrain it, the plaintiff would be entitled to recover the penalty,—that if any thing more than a lawful fence was necessary to restrain the ram, the duty was on the owner or keeper, to do what more was thus necessary, and not upon the plaintiff as an adjoining owner.

Verdict for the defendant,—exceptions by the plaintiff.

*Wing, Lund & Taylor*, and *G. A. Davis*, for the plaintiff,—as to the construction that should be given to the statute of 1856,

Town *v.* Lamphire.

(Laws of 1856, p. 58,) cited *Hall* v. *Adams,* 1 Aik. 166 ; *Sturtevant* v. *Merrill,* 33 Maine 62.

*Washburn & Marsh,* for the defendant.

Upon the principle that no person shall take advantage of his own wrong, the plaintiff in this suit cannot sustain a penal action against the defendant for not restraining his rams, when it is shown to have been the plaintiff's own fault that they were not restrained.

If the plaintiff neglected to keep up a legal fence on his part of the division, and by its utter insufficiency invited intrusion, he can not recover in this action. In other words, he can not be the cause of another person's violation of the statute, by first disregarding the law himself, and then pocket the penalty, when, but for his own neglect, there could have been no penalty. *Mooney* v. *Maynard,* 1 Vt. 470.

KELLOGG, J. This is an action for the recovery of the penalty provided by the statute, (Acts of 1856, No. 54; p. 58,) for the restraining of rams from running at large. The statute provides that " if any ram or rams shall be found with the sheep of any other person," between the first day of August and the first day of December in any year, " the owner or keeper of such sheep may recover of the owner or keeper of such ram or rams," a penalty of five dollars " for not restraining" such ram or rams from going at large. The evidence on the trial tended to show that the ram escaped into the inclosure, where the plaintiff's sheep were kept, by reason of the insufficiency of a portion of the division fence between that inclosure and the plaintiff's land, which it was the duty of the plaintiff to maintain and keep in repair, and by reason of the neglect of the plaintiff to keep this portion of the fence in repair ; and the charge of the court, as well as the whole theory of the trial, rested on the ground that the neglect of the plaintiff to maintain and keep his portion of the division fence in repair, if not qualifying the defendant's duty to restrain his rams from running at large, should be taken

as exonerating the defendant from liability if the rams escaped into the plaintiff's enclosure in consequence of that neglect. We think that this interpretation and construction of the statute is erroneous, and that the mere neglect of the plaintiff to maintain and keep in repair his portion of the division fence would not affect or qualify the liability of the defendant for not restraining his rams. The defendant's duty in this respect is absolute and unqualified,—it is to restrain his rams from going at large, and he shares this duty and the liability arising from the neglect of it in no degree with any adjoining land owner. Th    ns and purpose of the statute can be satisfied only by the   of the utmost care and diligence, on the part of the owner or keeper of a ram, to restrain him from going at large within the prohibited time. The act of 1817 on the same subject was nearly identical in terms with the present statute, (see Slade's Comp. Laws, p. 506, §§ 1 and 4,) and under that act it was held that nothing short of that which was beyond the control of the defendant, unless it was the act of the plaintiff himself, would excuse the defendant from liability for his ram being found off from his inclosure with the sheep of another person. *Hall* v. *Adams*, 1 Aik. 166. We understand Chief Justice SKINNER in his opinion in that case, while recognizing the act of the plaintiff as an excuse exonerating the defendant from liability, to refer to some positive act against which the utmost care and diligence of the owner of the ram could not guard, and not to a mere neglect to keep up a lawful fence on his portion of the division line. This would be such a case as would constitute an implied exception to the statute. The case of *Hall* v. *Adams* proceeds on the ground that good faith and ordinary care and diligence are not sufficient to excuse the owner or keeper of a ram from liability, and that his duty extends to the use of the utmost diligence and care in restraining or keeping his ram within his own enclosure. We regard this construction of the statute as being settled in that case and as being in entire harmony with analogies derived from other provisions of the statute. Towns are authorized by the statute, (Comp. Stat., p. 122, sec. 81,) to make by-laws

restraining any animals from running at large on the commons and in the highways, under a penalty, and the duty imposed by such a by-law could not be considered as dependent upon or qualified by the condition of a fence adjoining the common or highway.

We are disposed to adhere to the construction of the statute adopted in the case of *Hall* v. *Adams*, and to hold that the penalty is incurred if the ram is found off from its owner's or keeper's premises and with the sheep of another, unless it is made to appear ᵗᵂˢ was caused by some positive wrongful act of the prosecutor himself, or could not have been prevented by the utmost care and diligence of the owner or keeper. As the trial in the county court was controlled by instructions to the jury enforcing a different construction of the statute, the judgment of that court is reversed, and the case is to be remanded to that court for a new trial. This view of the law of the case renders the consideration of the other points arising from the bill of exceptions wholly unnecessary,