# RUTLAND COUNTY,

[Continued from *ante*, page 359.]

---

## William U. Phelps *v.* Harvey Paris.

*Rams. Bailment. Contract. Recoupment.*

When the owner or keeper of a ram is bailee of the sheep of another, and the parties have made no express stipulations by contract as to the manner in which the sheep would be kept, or the care which the bailee should take of them, he should, upon principle, be required to keep them separate and apart from his ram during the period the statute requires him to restrain it from at large off his own premises.

The plaintiff having agreed to pasture the defendant's sheep for a certain price, and the parties having made no express contract as to the care and diligence which the plaintiff should exercise, he would be bound to exercise the care and diligence in respect to the property, which men of common prudence, under the circumstances, exercise about their own affairs.

The plaintiff pastured the defendant's sheep and cattle through a season at a price agreed upon, but without express stipulations as to the manner in which the sheep or cattle should be kept, nor as to the care the plaintiff should take of them. A large portion of the defendant's sheep were ewes, and while the plaintiff was pasturing them, sometime between the middle of August and the 10th of September, the plaintiff's two rams, by reason of the plaintiff's negligence and want of care in restraining them, got with the defendant's ewes, and the consequence was that sixty of them had lambs in the latter part of January following, and fifty-six of the lambs died "by reason of having so unseasonable a birth." *Held*, that the plaintiff did not exercise the care and diligence which the nature of the bailment required, and was therefore guilty of a breach of the contract under which he kept the sheep and cattle, and in an action by the plaintiff to recover pay for the pasturing, the defendant is entitled to recoupe the damages resulting from such breach.

The contract for the pasturing of the ewes, wethers and cattle being entire, there could be no division in respect to the recoupment of the damages, on the ground that the contract was fully performed in respect to the wethers and cattle.

THIS was an action on book account. On the hearing upon the auditor's report, at the March Term, 1866, KELLOGG, J., presiding, the court decided that the facts stated in said report constituted a defence to the whole of the balance reported as due from the defendant to the plaintiff on book account, and that the defendant was entitled to a judgment against the plaintiff on the report, and rendered judgment in favor of the defendant against the plaintiff on the report accordingly. To this decision and judgment the plaintiff excepted.

The facts found by the auditor are stated in the opinion of the court.

*J. B. Bromley* and *C. C. Dewey*, for the plaintiff.

The sum of $41.42 found by the auditor to be due to the plaintiff, to balance book accounts, should be allowed. 1. The facts stated in the report constitute no legal defence to the plaintiff's claim. 2. As the matter relied on to defeat the plaintiff's recovery, is strictly *defensive*, the defense must be clearly made out. It cannot be aided by intendment. *a.* At most the plaintiff was required to use no more than ordinary care in restraining his bucks. *Hall* v. *Adams*, 1 Aik. 166 ; *Town* v. *Lamphire*, 36 Vt. 101.

3. The damages are not a subject of book charge. If the plaintiff is liable at all, it is only as for a *tort.* *Stow* v. *Black*, 37 Vt. 25 ; *Winn* v. *Sprague*, 35 Vt. 243 ; *Fry* v. *Slyfield*, 3 Vt. 246.

4. The claim should have been pleaded in offset. *Hassam* v. *Hassam*, 22 Vt. 516 ; *Rollins* v. *Walker*, Brayt. 222.

5. At all events the *loss of the lambs* cannot be taken into consideration, at most it is only the *injury to the ewes*, on account of the plaintiff's want of ordinary care in pasturing them, that can in any event be treated as a legitimate claim, as against the plaintiff's account.

6. Finally, as to the *cattle* and *wethers*, the plaintiff fully performed his contract. There is no claim to the contrary. Damages which the defendant sustained in consequence of his ewes getting with lamb, is not a proper subject of *recoupment* as against the plaintiff's claim for keeping the *cattle* and *wethers*.

Phelps *v.* Parish.

And it is impossible to recoupe the damages at all, because the number of ewes kept in pasture by the plaintiff is not stated in the report.

*Fayette Potter*, for the defendant, maintained that the facts set forth by the auditor constitute a good defence to the plaintiff's account for pasturing. *Goslin* v. *Hodson*, 24 Vt. 140 ; *Keyes* v. *Wt. Vt. Slate Co.*, 34 Vt. 81 ; 37 Vt. 119.

The opinion of the court was delivered by

WILSON, J. This action is brought to recover a balance claimed to be due the plaintiff for keeping and pasturing the defendant's sheep and cattle during the season of 1863, and the question is whether the facts reported by the auditor constitute a valid defence.

The auditor in his report says there is due and owing from the defendant to the plaintiff to balance book accounts between them the sum of $41.43, if upon the facts found by him, the plaintiff, is entitled to recover. It appears that about the first of May, 1863, the defendant made a contract with the plaintiff to pasture for the defendant his sheep and cattle during the then ensuing season, and it was under this contract the plaintiff received the sheep and cattle from the defendant and pastured them, and charged therefor according to the contract price. The report finds that the contract was special so far as fixing the price to be paid per week for keeping the sheep and cattle, that, the parties understood the number of cattle and very nearly the number of sheep to be pastured under the contract.

The plaintiff was in possession of a large farm, and the defendant understood that the plaintiff intended to have other stock besides the defendant's to pasture, but the parties made no express stipulation by contract as to the manner in which the sheep or cattle should be kept, nor as to the care the plaintiff should take of them. It appears that a large proportion of the defendant's sheep, which were pastured from the first of May, were ewes, and while the plaintiff was pasturing them, sometime between the middle of August and the 10th of September the plaintiff's two bucks, by reason of the plain-

tiff's negligence and want of care in restraining them, got with the defendant's ewes, and the consequence was that sixty of the defendant's ewes had lambs in the latter part of the month of January following, and fifty-six of the lambs died "by reason of having so unseasonable a birth." The defendant insists that the facts found by the auditor constitute a breach by the plaintiff of the contract under which he kept the sheep and cattle, and the defendant claims that he is entitled to recoupe the damages resulting from such breach of the plaintiff's contract. The plaintiff insists, *first*, that the contract being special only as to the price for keeping the sheep and cattle, and the parties having made no express stipulation as to the manner in which the property should be kept, nor as to the care the plaintiff should take of it, he is not liable for the damages sustained by the defendant; and, *second*, it is insisted by the plaintiff that the damages sustained by the defendant are not a proper subject of recoupment. These points lead us in the first place to consider the nature and extent of the obligations of the plaintiff as bailee of the property under the contract in question. It is clear that the bailment in this case is of the kind in which it is said the trust is for the benefit of both parties. In bailments of this kind, if not in every bailment, the bailor yields his present custody and care of the property to the bailee, upon a contract express or implied as to the nature and extent of his duty and liability. The general principles of law in respect to bailments are founded upon the absence of any positive engagements between the parties, and therefore the question ordinarily arises, what obligations are, with reference to public and general convenience, and the rights of the parties, implied by law in the absence of any express or implied contract of the parties. The kind of bailment disclosed by the facts in this case required the plaintiff to exercise ordinary diligence in respect to the property bailed, unless his legal responsibility is narrowed by special contract, express or implied. It is not claimed that the parties made any express agreement by which the plaintiff's responsibility is narrowed, hence it will follow that he is responsible upon the general principles of law applicable to this sort of bailment, unless his obligation is varied by special contract implied. From the facts reported by the auditor, we

think it is very clear that the parties did not intend by special contract, either express or implied, to narrow the legal responsibility of the plaintiff as bailee of the property. In contracts of bailment, when the bailee is entitled to compensation, the parties usually stipulate as to the price to be paid for keeping the property. If, however they make no express stipulation as to the compensation of the bailee, the law will imply that he shall have a reasonable compensation therefor; but whether his compensation be fixed by special contract, or left for future adjustment is a matter entirely distinct from the obligation which the law implies in respect to the care and diligence to be exercised by the bailee. Hence, the special stipulation as to the price to be paid for keeping the sheep cannot, by any fair rule of interpretation, vary the duty or obligation of the plaintiff, arising from his relation to the property, and it raises no presumption in respect to the extent of his responsibility. The plaintiff insists that he was under no obligation by statute to restrain his rams from running at large, except off his own premises, and out of his own enclosure; and he claims that he is not liable for the damages, because the auditor has not found that the parties made any express stipulation by contract that the plaintiff should keep the defendant's sheep in a pasture by themselves. The first section of chapter 104 of the General Statutes, provides that "all rams shall be restrained from going at large within this state, from the first day of August to the first day of December in each year." The third section provides what shall be a sufficient restraint of a ram, that is, it shall be kept on the premises and in the enclosure and possession of its owner or keeper, from the first day of August to the first day of December. It may be true that by the provisions of this chapter the owner or keeper of a ram is not liable to the penalty provided in section three, four, or six, unless the ram is found going at large off the premises and out of the enclosure of its owner or keeper, between the times mentioned in the first section of the act, nor for damages under section five, in a case where he had no care of the ewes at the time the damage was done, unless the damage is sustained in consequence of the ram going at large within the prohibited time. But the damage in this case was done by the plaintiff's rams while the defendant's

sheep were lawfully on the plaintiff's premises, hence the inquiry is not whether the defendant would have a remedy for the damage sustained, if his sheep had unlawfully broke and entered the plaintiff's close, but the question is what was the duty of the plaintiff as owner of the rams and bailee of the defendant's sheep, in the absence of any special stipulation as to the manner in which they should be kept, or the care the plaintiff should take of them. The rule adopted in this state in respect to the degree of diligence which must be exercised by the owners and keepers of rams in restraining them from going at large is a very decisive indication of the indispensability of the statute to persons engaged in raising sheep, and of the importance of a strict observance of the letter and spirit of its provisions.

In *Town* v. *Lamphire*, 36 Vt. 101, the court adhere to the construction of the statute adopted in the case of *Hall* v. *Adams,* 1 Aik. 166, and held that the penalty is incurred if the ram is found off from its owner's or keeper's premises, and with the sheep of another, unless it is made to appear that this was caused by some positive wrongful act of the prosecutor himself, or could not have been prevented by the utmost care and diligence of the owner or keeper. The rule adopted in those cases may be regarded as settled law in this state in respect to the degree of diligence required of the owner or keeper of a ram in a prosecution for the penalty. If, then, the terms and purpose of the statute can be satisfied only by the use of the utmost care and diligence on the part of the owner or keeper of a ram, to restrain it from going at large within the prohibited time, it would seem to follow that when the owner or keeper of a ram is bailee of the sheep of another, and the parties have made no express stipulation by contract as to the manner in which the sheep should be kept, or the care which the bailee should take of them, he should, upon principle, be required to keep them separate and apart from his ram, during the period the statute requires him to restrain it from going at large off his own premises.

The auditor found that the defendant knew the plaintiff intended to have other stock to pasture, but from this fact it could not be legitimately inferred that the parties understood there should be any

Phelps *v.* Parish.

relaxation of the rule in respect to the care and diligence which the plaintiff should exercise over the property. The defendant as the owner and bailor of the sheep might well understand that the plaintiff would restrain his own rams and rams of which he was the keeper, so far as to keep them from the ewes of the defendant during the period prescribed in the statute. The parties having made no express contract as to the care and diligence which the plaintiff should exercise, the question arises, what obligations are implied by law in this sort of bailment. It seems clear that the general principles of the law of bailment required the plaintiff to exercise the care and diligence in respect to the property, which men of common prudence, under the circumstances, exercise about their own affairs. The exercise of this degree of diligence is not limited to the feeding of the animal, and the use of means to prevent it from straying, but the law requires its exercise by the bailee so far as shall be necessary to prevent such injury to the property as would be likely to result from ordinary negligence. If the plaintiff intended, at the time of entering into the contract of bailment to narrow his legal responsibility, he should have done so by express contract, or by the use of language from which such limitation could be implied. It seems clear, from the facts reported by the auditor, that the parties did not intend by contract, express or implied, to vary the general obligation which the law implies in respect to the care and diligence which should be exercised by the plaintiff. The report finds that the damages were occasioned by reason of the plaintiff's negligence and want of care in restraining his rams. By this finding of the auditor we understand that the plaintiff did not exercise the care and diligence which the nature of the bailment required, and it does not appear from the report that the auditor found the plaintiff wanting in a degree of care or diligence not applicable to the case, as claimed by the plaintiff's counsel.

We are of opinion that the plaintiff is liable for the damages, and they are upon the authority of several decisions in this state, a proper subject of recoupment. The damages result from the breach of the very contract which the plaintiff seeks to enforce. It is insisted by the plaintiff's counsel that he performed his contract as

to the keeping of the cattle and wethers, and to this extent he claims the damages are not a subject of recoupment.    This conclusion might be correct if the plaintiff had made a separate and distinct contract as to the keeping of the cattle and wethers, but the facts reported by the auditor show that the contract was entire, and the plaintiff's breach of it extends to the entire contract, insomuch that the damages are not divisible.    The auditor having found that the damages sustained by the defendant are more than the plaintiff's claim, the plaintiff is not entitled to recover.    The result is the judgment of the county court is affirmed.