ORSON H. SARGENT v. LORENZO SLACK AND TRUSTEE.

*Duty of Bailee.    Waiver of Tender.*

The plaintiff having contracted to agist the defendant's sheep, turned them into a
pasture separated from the pasture of S. by an insufficient fence that belonged in
part to the plaintiff and in part to S. to maintain. The sheep passed over some part
of the fence into the pasture of S. several times during the fall, and there mingled
with diseased sheep, whereby they became infected with the scab. *Held*, in book
account to recover for the agistment, and for grain, salt, &c., that the plaintiff, hav-
ing neither maintained his portion of the fence, nor compelled the maintenance of
S's portion, as he might have done under the statute, had failed to exercise that or-
dinary care required by the contract of agistment, and that the damages sustained
by the defendant from said neglect, although unliquidated and therefore not charge-
able on book, might be applied in reduction of the plaintiff's charge for the agist-
ment.

To make good a tender in an action on book account, the money must be produced at
the hearing before the auditor.

BOOK ACCOUNT. The plaintiff sought to recover $25 for pastur-
ing the defendant's sheep, and $9.69 for salt, grain, tending, &c.,
together with interest thereon. As the sheep had passed through
a defective fence from the plaintiff's to an adjoining pasture, and
there caught the scab by mingling with diseased sheep, the defend-
ant sought to make a charge of $30.50 for the resulting damage,
as a defence *pro tanto* to the plaintiff's demand. The defend-
ant claimed, also, to have made and maintained a valid tender
of $25.

The auditor reported that on February 26, 1872, the defendant
bought a flock of sheep and a quantity of hay of the plaintiff and
paid him therefor, and that the plaintiff agreed to take care of
the sheep, or to feed them with forage and salt to be furnished by
the defendant ; that the plaintiff and the defendant entered into a
second contract, a few days afterwards, by which the plaintiff was

Sargent v. Slack, trustee.

to pasture the sheep the ensuing season, for $25, the defendant furnishing salt ; that in the spring the defendant turned said sheep with others that he had bought of one Burton, into the plaintiff's pasture ; that said pasture adjoined one owned by one Simonds in which one Edward Sargent kept during the fall a flock of sheep infected with the scab or itch ; that it did not appear whether the plaintiff knew of such infection or not ; that the defendant's sheep got into the Simonds pasture, and mingled with the sheep of said Sargent ; that Sargent's passed into the plaintiff's pasture and mingled with the defendant's, and that in consequence of such intermingling of the two flocks, which continued during the fall, the defendant's sheep became infected with the scab, and depreciated $30.50 ; that the fence along the entire line between the plaintiff's and Simonds's pasture, was not such as the law required, but was so insufficient that the sheep might have passed it almost anywhere, over the plaintiff's as well as over Simonds's portion, but that he was unable to find whose portion the sheep actually passed over in their various wanderings from one pasture to the other, although on one occasion when Sargent's sheep were in the plaintiff's pasture, sheep tracks were seen on that part of the fence which belonged, as the plaintiff insisted, to Simonds to maintain. He also reported that when the defendant took up his sheep in the fall, two of the flock were missing, and that it did not appear what had become of them, but that there was no evidence tending to show that they were lost through any fault of the plaintiff. In regard to the alleged tender, the auditor reported that two or three days before this suit was brought, the defendant's brother, Prosper Slack, offered to the plaintiff $25 in U. S. legal tender notes, at the defendant's request, opening his wallet as he did so, so that the plaintiff could see the money which the defendant had furnished, and saying, "There is $25 which Loren [the defendant] wanted me to tender to you" ; that the said Prosper soon after paid out said money, and that no money was produced at the hearing before the auditor, but that the said Prosper had at all times since the tender, had $25 to pay to the plaintiff whenever he should call for it, but whether or not U. S. legal tender notes, did not appear.

Sargent *v.* Slack, trustee.

Tho case was heard at the May term, 1873, and the defendant requested the court to hold that he was entitled to recover for the loss sustained by reason of the infection of the sheep, and for the loss of the two not returned nor accounted for ; but the court, BARRETT, J., presiding, declined so to hold, and rendered judgment on the report for the plaintiff; to which the defendant excepted.

*S. E. & S. M. Pingree,* for the defendant, cited Jones Bailm. 128, 133 ; 1 Rol. Abr. 4 ; 1 Bl. Com. 451, n.; *Colye's* case, 8 Co. 32 a ; *Broadwater* v. *Blot,* 1 Holt, 547.

*Charles P. Marsh,* for the plaintiff, cited Edw. Bailm. 45 ; Gen. Sts. ch. 104, § 7 ; *Hall* v. *Adams,* 1 Aik. 166 ; *Town* v. *Lamphire,* 36 Vt. 101 ; *Phelps* v. *Paris,* 39 Vt. 511.

The opinion of the court was delivered by

ROSS, J.   The plaintiff was the bailee of the defendant's sheep for hire.   The bailment was for the mutual advantage of both parties.   The plaintiff was bound to bring to the performance of the contract of bailment in pasturing the defendant's sheep, the exercise of ordinary care, or that degree of care which a man of ordinary prudence would use in the performance of the same duty towards his own property.   *Phelps* v. *Paris,* 39 Vt. 511 ; *Broadwater* v. *Blot,* 1 Holt, 547.   This degree of care the plaintiff was to exercise in the maintenance of proper fences and bars, to restrain the sheep from wandering or straying from his pasture.   If the sheep had been lost by reason of the plaintiffs neglect to maintain a proper fence around his pasture, he would have been liable to the defendant for such loss.   In *Broadwater* v. *Blot,* 1 Holt, 547, the defendant was a farmer and had received the plaintiffs horse to agist at a stated price.   The horse strayed from defendant's field, and was lost.   The plaintiff gave some evidence of the bad condition of the fences on the defendant's farm, and likewise of general negligence in leaving open the gates of his fields. The defendant's own horses strayed at the same time, but were recovered.   GIBBS, Ch. J., in submitting the case to the jury,

Sargent v. Slack, trustee.

used the following language: "The question is, were the defendant's fences in an improper state at the time the horse was taken in to agist? Did he apply such a degree of care and diligence to the custody of the horse, as the plaintiff, who entrusted the horse to him, had a right to expect?" The plaintiff had a verdict for the value of the horse. The contract of agistment imposes the duty on the agister of restraining the animals agisted, by lawful fences, within his own enclosure, unless there is some special understanding between the parties which relieves him from this duty in whole or in part. If the animals agisted escape or stray from the enclosure for the want of such fences, and are lost or suffer damages thereby, the agister is liable for such loss or damage. If the defendant's sheep had been run down and killed by a vicious horse, on some of the occasions when they escaped from the plaintiff's enclosure into Simons's pasture through the insufficiency of the plaintiff's fence, would there be any doubt in regard to the plaintiff's liability for their loss? We think not. Nor would the fact that he did not know that there was a vicious horse in Simons's pasture, relieve him from liability. He negligently allowed them to stray into an enclosure over the occupancy of which he had, and could exercise, no control. It was the essence of the contract of agistment, that he should keep the sheep in an enclosure, over the occupancy of which he had control, and in regard to the occupants of which he could exercise care and diligence, that they might not be of that character which would necessarily, or be likely to be, injurious to the safety of the defendant's sheep. The plaintiff, through negligence in maintaining the division fence, allowed the defendant's sheep to stray into Simons's pasture, and there become infected with the scab from other sheep over which he could exercise no control. He thereby exposed the defendant's sheep to dangers which he could not guard against or control, and broke the implied contract of agistment to exercise reasonable care and diligence to keep the defendant's sheep within his control and safe from injury. The plaintiff is not excused by the failure of Simons to properly maintain his portion of the division fence. The statute has pointed

out a method by which the plaintiff could compel the maintenance of a lawful fence by Simons on the division line, so that defendant's sheep could not have strayed into Simons's pasture, nor could Sargent's sheep have strayed into the plaintiff's pasture. We think it must be held that the plaintiff, in not maintaining a lawful fence on his portion of the division line, and in not compelling the maintenance of a like fence on Simons's portion of that line, failed to discharge the duty to the defendant which the contract of agistment cast upon him, and was guilty of a negligence by which the defendant's sheep became diseased, and were lessened in value more than the amount of the contract price which the defendant was to pay for pasturing the sheep. The damages sustained by the defendant from this neglect, are unliquidated and not properly chargeable in an action on book account. The defendant can only avail himself of them in this action in reduction of the plaintiff's charge for keeping the sheep, and to the extent of that charge. The auditor has found that the two sheep unaccounted for, were not lost through any fault or neglect of the plaintiff. This is conclusive against the defendant's right to have the value of these sheep deducted from the other items allowed to the plaintiff. The items allowed to the plaintiff, excluding the charge for pasturing the sheep, amount, with interest computed to the present time, to $9.19.

The tender made on behalf of the defendant cannot avail to defeat the plaintiff's recovery of this sum. To have given it that effect, he should have availed himself of it before the auditor, by passing it into the auditor's hands, and by having it returned with the auditor's report into court, so that the plaintiff could have taken the same in satisfaction of the amount found due him by the auditor. To keep a tender good, the party making it must avail himself of it, and bring the money into court as soon as he is called upon to plead, which in book actions, is at the trial before the auditor. If the action is commenced before a justice of the peace, as it would seem this case must have been commenced, although the exceptions do not show it, a failure to produce the tender in court on the trial before the justice, is a waiver of it.

Sargent *v.* Slack, trustee.

*Chapman* v. *Bates*, 5 Vt. 143.    The defendant waived the tender by failing to produce it at the trial before the auditor, and to have it returned into court with the auditor's report.    *Woodcock* v. *Clark et ux.* 18 Vt. 333.    The result is, that the judgment of the county court is reversed, and judgment is rendered on the report for the plaintiff to recover $9.19 and his costs, and as the amount recovered is less than $10, that the trustee is discharged with costs.