*Fifield v. Autobahn Body Works, Inc.*, No. 107-2-15 Cncv (Toor, J., May 15, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| CURTIS FIFIELD<br> Plaintiff<br><br>v.<br><br><br>AUTOBAHN BODY WORKS, INC., et al.,<br> Defendants | Docket No. 107-2-15 Cncv |

RULING ON MOTION FOR WRIT OF ATTACHMENT

Plaintiff alleges that, when he was incarcerated a number of months ago, he left a large and valuable box of his mechanic's tools at the shop where he was working. He sues the shop and its owners for negligence for allowing the toolbox to disappear while he was incarcerated. He seeks a writ of attachment for the value of the toolbox and its contents. A hearing was held on the motion on March 18 and April 21. Post-hearing memos were complete May 8. Harley Brown, Esq. represents Plaintiff; Richard Goldsborough, Esq. represents Defendants.

Findings of Fact

For purposes of the motion for attachment, the court finds the following facts to be established by a preponderance of the evidence. Autobahn is owned by Patrick and Terese Ayer. The real estate on which the shop sits is owned by them personally, not by Autobahn. Fifield worked as a mechanic at Autobahn on and off over the years. He was not an employee, but an independent contractor or subcontractor. He had his own large toolbox which he brought to Autobahn, which apparently is common practice among mechanics. It was about five feet long, two feet deep, and over three feet high. It was heavy, although it had wheels. Fifield estimates

that the box was worth $5,000 empty and had about $18,000 worth of tools inside, for a total value of $23,000.

In January of 2014, Fifield was arrested and taken to jail. He remained incarcerated until September 29, 2014. When Fifield was arrested, he apparently missed a few days of work before calling to explain why. During that time, Patrick Ayer at some point called Fifield's number and left a phone message saying that Fifield shouldn't bother retuning to work since he had failed to show up, and should come get his tools. However, there is no evidence that Fifield ever got the message, as he was already incarcerated.

Fifield alleges that he called the shop soon after his arrest and asked the assistant manager whether he could leave the toolbox there while he was in jail, and was told that was fine. The assistant manager does not recall such a call. Fifield did not speak to the owners of Autobahn, or send anyone to collect the toolbox, or send anything in writing. He showed up in September to get the toolbox and found it missing. He had the keys, and it had been locked when he left it, although a second key was hidden somewhere on the toolbox.

The shop has an alarm system and is locked when it is not open. On an earlier occasion, Fifield had been "laid off" and had left the toolbox safely at the shop for four months. The shop had approximately eight people working in it, and several mechanics had their own large toolboxes in the shop. No one has offered any explanation for where the toolbox went.

### Conclusions of Law

The legal issue here is what duty Autobahn had to Fifield. The relevant legal doctrine is that of bailment, the law that applies when one party holds property for another. "The standard of care a bailee owes a bailor is measured by the amount of benefit each party derives from the

bailment." Kottlowski v. Bridgestone/Firestone, Inc., 670 N.E. 2d 78, 82 (Ind. App. 1996) (citation omitted).

The parties disagree over the correct characterization of Autobahn. Fifield argues that the bailment was for the benefit of both parties. If so, then ordinary negligence might be sufficient to establish liability. Sargent v. Slack, 47 Vt. 674, 676 (1875) (If for mutual benefit, bailor's duty is "the exercise of ordinary care, or that degree of care which a man of ordinary prudence would use in the performance of the same duty towards his own property."); LaPlace v. Briere, 962 A. 2d 1139, 1149 (N.J. Super. Ct. App. Div. 2009)("In a bailment for mutual benefit, a bailee has a duty to exercise reasonable care for the safekeeping of the subject of the bailment and will be liable for any loss caused by its failure to do so."). For example, evidence of inadequate alarms or locks to prevent burglary might be sufficient. Johnson & Towers Baltimore, Inc. v. Babbington, 264 Md. 724, 727-28 (Md. 1972)(where employee's tools were stolen from workplace, evidence supported finding that employer's security was inadequate).

Autobahn argues that it was a "gratuitous bailee," sometimes called a "naked bailee." If so, then "[t]he measure of responsibility . . . is generally stated to be that he is answerable only for fraud or gross neglect, and not for such ordinary inattention as may be compatible with good faith." Jobidon v. Lussier, 124 Vt. 242, 247 (1964); *see also* 19 Williston on Contracts § 53:8 (4th ed.) ("A bailee who undertakes the care of goods without reward is liable for damage caused only by his or her gross negligence."). In other words, ordinary negligence would not create liability.

The court concludes that on the evidence presented so far, there is nothing to support plaintiff's claim that the tools were left in the shop for the benefit of both parties while Fifield was in jail. He had the key, and the toolbox was locked. There is no evidence that he offered the

3

use of the tools to others in the shop while he was incarcerated. The only evidence before the court at this time suggests that the only person benefitting from the storage of the tools at Autobahn was Fifield. The fact that the tools had been of use to Autobahn previously when they were actually being used by Fifield to do work is not the point. *Compare*, Kottlowski, 670 N.E. 2d at 83 (finding that "whenever an employee is required to bring his own tools to a job site and it is impractical for him to remove those tools at the end of the workday," that creates a bailment for mutual benefit). The issue is whether they were of benefit to Autobahn while stored there in Fifield's absence. Thus, on the evidence to date, this was a gratuitous bailment, and unless further evidence is presented at trial to change that, liability can be established only if gross negligence or fraud is shown.

However, there is a presumption of negligence that applies when property disappears while in the bailee's hands. LaPlace, 962 A. 2d at 1149; Griffin v. Nationwide Moving and Storage Co., Inc., 446 A.2d 799, 802 (Conn. 1982). "[T]he law has come to be well recognized that in those instances of bailment, where the bailee has the sole, actual and exclusive physical possession of the goods, the bailee is presumed to be negligent if, upon the disappearance of the goods, he cannot explain their loss." Arkwright Mills v. Clearwater Mfg. Co., 61 S.E.2d 165, 167 (S.C. 1950). This applies even to gratuitous bailments:

> A bailee who has sole, actual, and exclusive physical possession of the bailed goods is presumed to be negligent if he or she cannot explain the loss or disappearance of the goods, or fails to redeliver or return them upon proper demand, or returns the goods in a damaged condition where the goods were not so damaged when received, and the law imposes on the bailee the burden of showing that he or she exercised the degree of care required by the nature of the bailment. This rule applies not only to bailments for mutual benefit, but also to gratuitous bailments.

8A Am. Jur. 2d Bailments § 231 (Westlaw updated May 2015); *see also*, National Broadcasting Co. v. Rose, 215 A.2d 123, 126 (Conn. 1965). The court finds that while Fifield was in jail,

Autobahn had exclusive possession of the toolbox. Thus, the presumption applies here. "The bailee may meet the duty of going forward with evidence in a bailment action either by showing that the property was destroyed, lost or damaged, by some special cause consistent with due care by him or her, which ought to constitute an excuse, or, more generally, that he or she was not culpably negligent, or exercised due care in all that he or she did with respect to the bailed property, as required by the nature of the bailment." Id. § 242; *see also, e.g*., Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc., 961 F. Supp. 676, 680-81 (D. Del. 1997) ("[B]ailee's burden of 'accounting for the loss' encompasses a showing [that] the bailee was not negligent and/or his actions were not the cause of the loss."); Price v. Brown,  680 A.2d 1149, 1151-52 (Pa. 1996.)(explaining shifting burdens).

Based upon the record so far, the court concludes that Fifield has established a prima facie case, and Autobahn has not rebutted it. There is no evidence as to what actually happened to the toolbox. It is unclear whether a coworker took it, or sold it, or it was stolen, or some other explanation exists. The evidence does not establish where or how it went missing. As for the duty of care, the only evidence in the record is that the shop was locked on nights and weekends. If so, how could the box have been stolen, except by a coworker? Were there adequate safeguards against employees or contractors taking property out of the shop? Who had keys to the shop? Given that the burden of rebutting the presumption is on Autobahn, the court concludes that it has not yet done so. *See, e.g*., Inter-Ocean (Free Zone), Inc. v. Manaure Lines, Inc., 615 F. Supp. 710, 716 (D.C. Fla. 1985) ("It is not enough to show that the bailee used reasonable care if 'mysterious disappearance' is the only explanation given . . . If the bailee fails to provide a sufficient explanation supported by evidence, then he will be liable for breach of bailment and negligence.").

Defendants raise two other issues, however. One is that there is no evidence beyond Fifield's testimony with regard to the monetary value of the toolbox and its contents. There is no rule that additional evidence is required. An owner may testify to the value of his property. Fifield appeared credible on this point, and no contrary evidence was presented. The court finds his testimony on this point sufficient to establish that it is reasonably likely he can show the requested damages.

Lastly, Defendants argue that the only proper defendant here is the corporation, not the individual defendants. Plaintiff offers no argument as to how the individual defendants would be liable here, as the bailment was not to them personally. Thus, the court agrees that no attachment can be issued against them.

Order

The motion for a writ of attachment (in the amount of $23,000) is granted as to Autobahn only, and denied as to the individual defendants. Given the narrow issues in this case, the court orders that all discovery shall be completed by September 15, all dispositive motions shall be filed by October 1, and the case shall be trial-ready by that date if no motions are filed. The court leaves to the parties the choice of whether to engage in mediation. If more (or less) time is agreed to by the parties, they may submit an alternate schedule for the court's approval.

Dated at Burlington this 15th day of May, 2015.

_____
Helen M. Toor
Superior Court Judge